W. C. EPTING, plaintiff in error, *vs.* JOHN JONES, defendant in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case)

It is no good plea to a suit upon a promissory note that the suit is brought by the true owner in a fictitious name. it not appearing by the plea that the defendant has any defense to the note.

John Jones brought complaint against W. C. Epting on a promissory note, dated September 4th, 1867, due on January 1st, thereafter, for $1,268 13, payable to William M. Fudge, or bearer, with the following indorsement thereon:

"MAY 26th, 1871.

"For value received I assign the within note to James F. Gaines.    [Signed]    WILLIAM M. FUDGE."

The defendant pleaded the general issue, and several special pleas, all of which are unnecessary to an understanding of the decision of the Court.

Upon the trial the defendant proposed to amend his pleas, by setting up the fact that the plaintiff had no existence at the time the declaration was filed in said cause, nor had any existence at the time of the trial, but was a fictitious person to whom the defendant never had been indebted, and that said

Epting *vs.* Jones.

suit was commenced in the name of said fictitious person, to prevent the defendant from making his defense to said action. The amendment did not show what constituted the defense of which he was deprived. The Court refused to allow the amendment upon the ground that such a plea, if filed, would be demurrable, and the defendant excepted.

The plaintiff introduced the note and closed. The defendant introduced no testimony. The jury returned a verdict for the plaintiff.

The defendant assigns error upon the aforesaid ground of exception.

THOMAS P. LOYD; C. T. GOODE; S. R. GOODE; N. A. SMITH, for plaintiff in error.

No appearance for defendant.

McCAY, Judge.

According to the claim of the plea, this suit is really brought by the true owner of the note. He has used a fictitious name, but nevertheless it is his act, and the paygment of it to him, in whatever name, will be an unquestionable satisfaction of the debt. Had the plea set forth some defense, good against the true owner, and not against a stranger, or had the plea set out that the plaintiff was a tortious holder, so that the payment to him would not be good, by one having notice of the want of title, something might be said in favor of the plea. But as it stands it claims that the real owner is the movant, that he is suing his own note in another man's name. How does, or can this hurt the defendant? A matter of costs might arise if it appeared that the nominal plaintiff was insolvent, or purely fictitious, but that could be met by a deposit of the costs.

We find no fault with the judgment refusing to dismiss the suit. The real rights of the parties will be settled by the judgment.

Judgment affirmed.