24103. KENNEMORE *et al.* v. HELLER & COMPANY.

JENKINS, P. J. 1. Under the negotiable-instruments law, an instrument is to be deemed payable to bearer when it is payable to the order of a "nonexisting person, and such fact was known to the person making it so payable," or "when the name of the payee does not purport to be the name of any person." Code of 1933, § 14-209; Beutel's Branan's Neg. Inst. Law, 193. Where a petition indicates that a debt due to "Coyne Electric Company" was evidenced by the giving of a promissory note by the debtor, payable to "Coyne Electric School," without any further description of the identity of the payee, the name of the payee, taken together with the allegation of the petition, indicates that the payee was not the name of any person, either individual, partnership, or corporation, and the note must be construed as having been made payable to

bearer. See *Western & Atlantic R. Co.* v. *Dalton Marble Works*, 122 *Ga.* 774, 776 (50 S. E. 978) ; *Atlanta &c. Nat. Bank* v. *First Nat. Bank*, 38 *Ga. App.* 768 (145 S. E. 521). The court therefore did not err in refusing to allow an amendment to the answer of the defendants, setting up that the note sued upon was not legally transferred by the entity named as payee because the indorsement was signed "Coyne Electric School," without any other name appearing, or in admitting the note in evidence without a formally proper written assignment to the plaintiff. See also Beutel's Branan's Neg. Inst. Law, 454; Code of 1933, § 14-414.

2. The court, however, erred in striking the answer of the defendants, as by certain of its paragraphs it was specifically denied that "petitioner is now the legal owner and holder of said note in due course of business, and became such owner before its maturity," for the purpose of setting up the defense of total failure of consideration, it being further alleged by the plea that the consideration was for a course in the "Coyne Electrical School," covering the entire cost of the course in all electrical works, equipment, and books, for which the note was given, and that the school failed to furnish such course or any equipment, but demanded additional sums of money when the maker of the note went to enter the school. These averments, to which there was no special demurrer, were sufficient as against the general motion to strike, and set up a defense which, if sustained by evidence, would be good against one whose rights as a holder in due course and before maturity were denied. While the note, which is attached to and made part of the petition, shows that it was payable to the order of "Coyne Electric School," the petition avers that it was made to the "Coyne Electric Co.," which name would import a corporation. It does not appear how or when the plaintiff acquired ownership or a right to sue from such original holder, but under the rules above stated, the rights of the plaintiff must be taken as the same as one acquiring by delivery a note payable to bearer. The legality and time of acquirement of ownership being put in issue, the plea of failure of consideration was also properly in issue, and the defendants had the right to offer evidence in support of these defenses.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 8, 1935.

*J. H. Kirby, D. C. Tallant,* for plaintiffs in error.
*E. W. White, A. G. Liles,* contra.