FOSTER, executor, *v.* COCHRAN, administrator.

1. According to the general tenor of judicial opinion inferable from several cases in the *Georgia Reports*, a credit upon a promissory note entered by a duly authorized agent of the maker, and signed by the agent in the name of the maker, will operate as a new promise under sections 2934, 2935, of the code, and the statute of limitations will run only from the date of such credit.

2. Inasmuch as an agent's authority to execute a promissory note in the name of his principal need not be in writing, the authority to renew or extend such note by a new promise need not be in writing, but may be created verbally and proved by parol evidence. The case of *Watkins* v. *Harris*, 83 *Ga.* 680, relates to an unsigned credit, and therefore does not apply to the credit involved in the present case.                                   *Judgment reversed.*

June 20, 1892.

Limitation. Promissory note. New promise. Agent. Evidence. Before Judge JENKINS. Greene superior court. September term, 1891.

The action of F. C. Foster, executor of A. G. Foster, against A. P. Cochran, administrator of William Neal, on a promissory note, was dismissed on demurrer because the declaration showed that the suit was barred by the statute of limitations. The note is signed by William Neal not under seal, is payable to A. G. Foster or bearer, and is dated August 1, 1876. Entered thereon under the date February 11, 1882, is a statement signed by William Neal, recognizing the validity of the note and promising to pay the amount due thereon; also this entry: "Paid this day on this note $850, April 5, 1887. (Signed) Wm. Neal, by Cochran." This suit was filed on February 11, 1891. By amendment the plaintiff alleged that the original liability on the note was revived and extended by a credit of payment made and entered thereon April 5, 1887, under the direction and by the authority of William Neal; and that A. P. Cochran, acting as agent of William Neal, signed his name to said credit, and as such agent was duly author-

ized (not in writing) by William Neal to make said signature.

F. C. FOSTER and H. G. LEWIS, for plaintiff.

BARROW & THOMAS and H. T. LEWIS, for defendant.

TIPPIN, administrator, v. BROCKWELL.

| 89 | 467 |
| 91 | 793 |

1. In a suit against an administrator to recover wages for annual services rendered the intestate during several successive years, evidence at the trial showing that there was a special contract between the plaintiff and deceased fixing the wages for the last year at $200 would authorize the jury to infer a like contract, not in excess of $200 per annum, for each preceding year. This being so, it was error to charge the jury that if the services for the years preceding the last were rendered and not paid for, the plaintiff would be entitled to recover their reasonable value. The instruction should have been that this would be the measure of recovery if there was no special contract applicable to those years.
2. The general rule which puts the burden upon the party alleging payment to prove it, applies to an administrator in a suit for services rendered his intestate. Lerche v. Brasher, 104 N. Y. 157; Barbour, Law of Payment, pp. 253, 292–3.

June 20, 1892.　　　　　　　　　　　　　　*Judgment reversed.*

Contract. Wages. Administrator. *Onus.* Before Judge JENKINS. Morgan superior court. September term, 1891.

On August 8, 1890, Brockwell brought suit against Tippin as administrator of Zachry (who died on February 27, 1889), on an account for $3,648.95, less a number of credits amounting to $152.25; the items of the account being a due-bill for $98.95, dated July 14, 1881, wages at $400 per year for the years 1881–1888 inclusive, and wages for 1889, $350. On demurrer all the charges made for services prior to 1885, and the due-bill, were stricken as barred. The jury, on March 7, 1891, found for the plaintiff $1,500 principal, and $376.74 interest. The defendant's motion for a new trial was overruled. The grounds of the motion are, that the verdict is con-