## BRUCE *v.* NEAL BANK.

In a suit by the holder of a mortgage on real estate to foreclose it, where the plaintiff alleged that he was a transferee by indorsement of the note which the mortgage secured, and the defendant filed a plea under oath, denying the "genuineness and legality of the indorsements," to the legal sufficiency of which the plaintiff demurred, and the court overruled the demurrer, and the plaintiff, though excepting pendente lite to such ruling, does not seek to review the same in this court, the plea will be treated as a denial of the indorsements, under oath, as required by the statute. In such a case (although there was no other defense filed), when no evidence was introduced to prove the execution of the indorsements, it was erroneous, over appropriate objection, to admit the note and mortgage in evidence and direct a verdict for the plaintiff.

APRIL 18, 1910.

Mortgage foreclosure. Before Judge Whipple. Wilcox superior court. March 17, 1909.

The Neal Bank filed a petition against J. L. Bruce to foreclose a mortgage on land. The debt secured was $1500, evidenced by a promissory note dated August 26, 1904, payable January 21, 1905. The mortgage bore the same date, and created a lien on certain land for the purpose of securing the payment of the debt, and was duly recorded on the 19th day of November, 1904. The mortgage and note were attached together. The note was executed by J. L. Bruce, payable to L. M. Bruce, and the mortgage was between the same parties. Entered on the back of the mortgage were the following indorsements: "Pay to the order of Dreger & Doughty, Mgrs. September 3rd, 1904. L. M. Bruce. Dreger & Doughty, Mgrs." In paragraph three of the petition it was alleged: "Said note and mortgage were duly transferred by L. M. Bruce to Dreger & Doughty, and by them transferred to the Neal Bank." Among other things the defendant's answer contained the statement that "Defendant denies both the genuineness and the legality of the indorsements and transfers set forth in the third paragraph of said petition." The plea was filed under oath and positively sworn to. A demurrer was filed to the answer, and was overruled; and exceptions pendente lite were approved and filed, complaining of this judgment; but the decision of the main case having been favorable to the plaintiff, there was no assignment of error by cross-bill of exceptions upon the judgment refusing to sustain the demurrer to the plea. When the case was on trial the plaintiff offered in evi-

dence the note and mortgage and indorsements thereon, without proving or offering to prove the execution of the indorsements. The documents so offered were admitted in evidence over objection as follows "(1) Because there is no transfer or assignment of the mortgage from L. M. Bruce, the payee, to Dreger & Doughty, Mgrs., to the Neal Bank, plaintiff. (2) Because, the defendant having specifically denied on oath the indorsements on said instrument, that is to say, the indorsements of L. M. Bruce to Dreger & Doughty, Mgrs., and Dreger & Doughty, Mgrs., said indorsements could not be admitted in evidence without proof thereof as required by section 3705 of the Civil Code of Georgia, both the genuineness and legality of said indorsements having been denied under oath by the defendant as aforesaid." The presiding judge directed a verdict in favor of the plaintiff for the amount of principal, interest, and attorney's fees provided for in the note. No motion for a new trial was made, but the defendant came by direct bill of exceptions. In a marginal note on the bill of exceptions the judge recited: "It was agreed by defendant's attorney that if the note and mortgage were admitted in evidence, it would be proper to direct a verdict for the plaintiff." Error was assigned upon the admission of the note and mortgage in evidence without evidence tending to prove the indorsements; also to the direction of a verdict for the plaintiff, it being contended that the verdict was without evidence to support it.

*Max Isaac*, for plaintiff in error.

*Hal Lawson*, contra.

ATKINSON, J. The assignments of error need not be treated separately. If it was erroneous to admit the indorsements without proof of execution, it was also erroneous to direct a verdict in favor of the plaintiff. The case calls for the construction and application of certain provisions of the code. It is declared: "The holder of a note is presumed to be such bona fide, and for value; if either fact is negatived by proof, the defendants are let into all their defenses; such presumption is negatived by proof of any fraud in the procurement of the note." Civil Code, § 3696. Also: "The title of the holder of a note can not be inquired into, unless it is necessary for the protection of the defendant, or to let in the defense which he seeks to make." Civil Code, § 3698. Also: "An indorsement or assignment of any bill, bond, or note, when the same

is sued on by the indorsee, need not be proved unless denied on oath." Civil Code, § 3705. The plaintiff demurred to the legal suf-ficiency of the defendant's plea relative to denial of the execution of the indorsements, and upon the defendant's amending the plea so as to aver that the "defendant denies both the genuineness and the legality of the indorsements and transfers set forth in the third paragraph of the petition," the court overruled the demurrer, and the plaintiff excepted pendente lite. The case before us is a writ of error sued out by the defendant, and the plaintiff does not complain by cross-bill of exceptions of the ruling of the court assigned as error in his pendente-lite exceptions. Therefore this court, hav-ing no power to review the judgment on demurrer, for lack of ex-ceptions, must treat the plea as legally sufficient under the statute as set forth in Civil Code, § 3705. So regarding the plea, it should be construed as a denial that the indorsements were made or au-thorized by the persons purporting to make them. Ordinarily, in a suit upon a promissory note the defendant can not inquire into the title of the holder. He can not make such inquiry unless "it is necessary for the protection of the defendant, or to let in a defense which he seeks to make." The quotation just made is from Civil Code, § 3698, and it declares a rule which permits the title of the holder of a note to be inquired into under two conditions: "if it is necessary for the protection of the defendant," or if inquiry is necessary in order "to let in the defense which he seeks to make." In the case at bar the defendant seeks to avail himself of the right to inquire into the right of a holder, on the ground that it is nec-essary for his protection. In the plea it is not stated in what re-spect it was necessary for the defendant's protection to make the inquiry, but no point was made as to the sufficiency of the plea on account of a failure to point out the particular reason why the in-quiry was necessary for the defendant's protection. If there was any reason in law why it would be necessary for his protection to make the inquiry, the defendant was entitled to insist upon it. If the defendant should pay the debt to a holder who relied for title on indorsements which were forged, such payment would not be a bar to a recovery by the true owner. In 2 Daniel on Negotiable In-struments, § 1225, it was said: "The maker of a note or the ac-ceptor of a bill must satisfy himself, when it is presented for pay-ment, that the holder traces his title through genuine indorse-

ments; for if there is a forged indorsement, it is a nullity, and no right passes by it. And payment to a holder under a forged indorsement would be invalid as against the true owner, who might require it to be paid again." See also Smith *v.* Chester, 1 T. R. 654; Canal Bank *v.* Bank of Albany, 1 Hill, 287; Goddard *v.* Merchants' Bank, 2 Sandf. 247; Beattie *v.* Nat. Bank, 174 Ill. 571 (51 N. E. 602, 43 L. R. A. 654, 66 Am. St. R. 318). If the maker of the note were sued by the holder under forged indorsements, unless he were allowed to inquire into the title of the holder he might be required to pay not only the holder under the forged indorsement but also the true owner in a subsequent suit. It follows that if the maker is sued by the holder under forged indorsements, it is necessary for his protection that he be permitted to inquire into the title of the holder. Under such conditions he would have the right, under the provisions of the Civil Code, § 3698, to inquire into the title of the holder. The section of the code last cited points out instances in which the title of the holder of a note may be inquired into. Section 3705 relates to how it may be inquired into and the burden of proof in cases where the inquiry is made. Under the provisions of this section the execution of the indorsements may be denied, but it is said that the indorsements "need not be proved unless denied on oath." This language contains a negative pregnant which means that if the indorsement is denied on oath there must be proof of the genuineness. In such a case the existence of a genuine indorsement will be essential to the case of the plaintiff, and the burden of proof ordinarily rests upon the person "to the existence of whose case or defense the proof of such fact is essential." Civil Code, § 5160. The provisions of the Civil Code, § 3696, relating to the law of presumptions, are to be construed in connection with § 3705, and are not to be considered as so qualifying the rule there stated as to place upon the defendant the burden of disproving the genuineness of an indorsement, when, by his plea filed under oath, he denies the indorsement. Under this interpretation of the law, and the condition of the record, the note and mortgage were not admissible in evidence without evidence as to the genuineness of the indorsements, nor without such evidence was the judge authorized to direct a verdict against the defendant.

*Judgment reversed. All the Justices concur, except Lumpkin, J., disqualified.*