5398.  FEDERAL DISCOUNT CO. *v.* CARTER & CO.

The Civil Code, § 4299, provides that "An indorsement or assignment of any bill, bond, or note, when the same is sued on by the indorsee, need not be proved unless denied on oath;" and where a defendant on oath denies the transfer, assignment, or indorsement of certain drafts from the original payee to the plaintiff, and "both the genuineness and legality of any indorsement or transfer of said drafts," and no demurrer to this plea is filed by the plaintiff, the plea must be treated as such a compliance with the code section quoted above as to put the plaintiff on proof of the indorsements or assignments relied upon to vest title in the plaintiff.

DECIDED JUNE 22, 1914.

Complaint; from city court of Baxley—Judge Knox presiding. November 7, 1913.

*Parker & Highsmith,* for plaintiff.

*Padgett & Watson,* for defendants.

WADE, J.  The Federal Discount Company brought suit against J. H. Carter & Co., a copartnership, on five drafts for $33 each, dated December 17, 1908, and maturing at various dates thereafter, payable to St. Louis Jewelry Company and accepted in writing by J. H. Carter & Co.  Except as to due dates, the drafts were identical and were as follows:

"$33.00.                              St. Louis, Mo., Dec. 17, 1908.

"Four months after date, pay to the order of St. Louis Jewelry Co., at their office, at St. Louis, Mo., the sum of thirty-three dollars, without interest, value received—and charge to the account of

[Signed] St. Louis Jewelry Co., per M.

"To J. H. Carter & Co., Alma, Ga."

[Across the face] "Accepted: J. H. Carter & Co." [Indorsed] "Pay to the order of Federal Discount Company. St. Louis Jewelry Co."

The plaintiff alleged in its amended petition that "the several drafts sued upon were indorsed and transferred to plaintiff before the dates of maturity" thereof.  The defendants filed a plea setting up a total failure of consideration, and, in order to let in the de-

fense which they sought to make, made the following allegations: "These defendants further on oath especially deny the transfer, assignment, or indorsement of the drafts from the St. Louis Jewelry Company to the plaintiff, and deny both the genuineness and legality of any indorsement or transfer of said drafts from the said St. Louis Jewelry Company to the plaintiff;" and alleged it was necessary to inquire into the title of the plaintiff in order to let in the defense they were seeking to make to the suit on the drafts. The record does not disclose that a demurrer to this plea was filed, nor does it even appear that there was an oral motion to strike the plea, for legal insufficiency, but the case proceeded to trial on the petition and plea as amended. The plaintiff offered in evidence the original five drafts sued on, without any proof to verify or sustain the indorsements thereon, and on objection by the defendants' counsel the court excluded the drafts. No other evidence being offered by the plaintiff, the court granted a nonsuit. The plaintiff excepted.

The only question to be determined by this court, in the light of the particular facts in the case under consideration, is whether the plea filed by the defendants was sufficient to exact from the plaintiff proof as to the indorsements or assignments of the St. Louis Jewelry Company to the Federal Discount Company. Of course, if the plea was sufficient for this purpose, the court did not err in excluding the drafts when offered without such proof, and in thereafter granting the nonsuit. "A party may deny the original execution of the contract sought to be enforced, or its existence in the shape then subsisting." Civil Code, § 4295. "A plea of non est factum must be under oath, and must aver, not only that the alleged maker did not sign the instrument, but that it is not his act or deed." *Crockett* v. *Garrard, 4 Ga. App.* 360, 364 (61 S. E. 552, 553). It is obvious that the plea in question was not a perfect plea of non est factum, under the express language of the code section itself and under numerous rulings from our courts of last resort; and if it had been properly demurred to, it should have been stricken for insufficiency (*Mozley* v. *Reagan,* 109 *Ga.* 182 (34 S. E. 310)); but the record discloses no demurrer whatever to the plea as a whole, or to the particular portion thereof which denies "the transfer, assignment, or indorsement of the drafts from the St. Louis Jewelry Company to the plaintiff," and also

denies "both the genuineness and legality of any indorsement or transfer of said drafts from the said St. Louis Jewelry Company to the plaintiff."

The exact point at issue in the instant case was passed upon in totidem verbis by the Supreme Court, in the case of *Bruce* v. *Neal Bank,* 134 *Ga.* 366 (67 S. E. 819). The plea in that case averred that the "defendant denies both the genuineness and the legality of the indorsements and transfers set forth in the third paragraph of the petition," the court overruled a demurrer thereto, and the plaintiff excepted pendente lite. The trial resulted in a verdict for the plaintiff, however, and the defendant carried the case to the Supreme Court for review; and since no cross-bill of exceptions was filed by the successful plaintiff, complaining of the ruling assigned as error in the exceptions pendente lite, the Supreme Court declared it had no power to review the judgment on demurrer, for lack of exceptions, and must therefore "treat the plea as legally sufficient under the statute as set forth in the Civil Code, § 3705"— now § 4299. The court further said: "So regarding the plea, it should be construed as a denial that the indorsements were made or authorized by the persons purporting to make them." So construing the plea in the case under consideration, the indorsements being denied on oath, proof of the genuineness thereof must have been offered before the drafts could be received in evidence; and hence the court did not err in excluding them. *Bruce* v. *Neal Bank,* supra. No other evidence being offered in behalf of the plaintiff, the nonsuit was unavoidable.

*Judgment affirmed. Roan, J., absent.*