### 7017.   TAYLOR *v.* JOHNSON.

BROYLES, J.   1. A plea of non est factum, to a suit on promissory notes, is subject to be stricken, when it does not unequivocally deny that the notes sued on are the act and deed of the defendant. *Thomas* v. *Siesel,* 2 *Ga. App.* 663 (4), 665 (58 S. E. 1131).

11

2. The law does not require that an agent's authority to execute a promissory note in the name of his principal shall be in writing. *Foster* v. *Cochran*, 89 *Ga.* 466 (15 S. E. 551).

3. Under the above rulings, the court did not err in disallowing the amendatory plea offered by the defendant, which alleged in substance that she had never signed the notes sued upon, but that her name was signed to them by her husband, and that he had no *written* authority to do so.

4. It was for the jury to determine whether the consideration of the notes sued upon was the exclusive right of the defendant to sell a patented stove-burner in certain counties in South Carolina, or whether it was a half-interest in the plaintiff's house and lot; and there was evidence to support their finding that it was the latter.

5. The great preponderance of the evidence was to the effect that the defendant's notes sued upon were given in payment of her husband's debt, but there was some slight evidence, both oral and documentary, that the debt was her own; and accordingly this court has no power to interfere with the finding of the jury that the wife was liable.

6. In the state of the record, no error is shown in the ruling of the court admitting certain evidence, as set forth in the 6th ground of the amendment to the motion for a new trial.

7. Under repeated rulings of this court, an exception to the refusal to grant a nonsuit will not be considered, where there is also an exception to the overruling of a motion for a new trial, in which the defendant complains of a verdict for the plaintiff as contrary to the evidence.

8. The other assignments of error are without merit.

9. There was some evidence to support the verdict, and, it having been approved by the trial judge, this court is powerless to interfere.

*Judgment affirmed.*

DECIDED MAY 24, 1916.

Complaint; from city court of Hall county—Judge Wheeler. May 20, 1915.

*E. D. Kenyon, C. N. Davie*, for plaintiff in error.

*A. H. Henderson, W. M. Johnson*, contra.