CARTER *v.* HARALSON.

</div>

ATKINSON, J. 1. In an action upon a negotiable promissory note payable to the order of a corporation, a plea that the note was given for certain stock in the corporation, and that the defendant was induced to buy the stock by false statements as to the solvency of the corporation and the value of the stock, made by a named person who was not alleged to be the agent of the corporation making sale of the stock, was insufficient.

The case differs on its facts from *Bank of Lavonia* v. *Bush*, 140 *Ga.* 594 (79 S. E. 459).

2. When a suit is instituted by an alleged transferee of a negotiable promissory note against the maker, the defendant can inquire into the title of the plaintiff "when necessary for the protection of the defendant or to let in the defense which he seeks to make." Civil Code, § 4290.

(*a*) Payment of a negotiable promissory note to a supposed transferee holding it by virtue of a forged indorsement will not protect the maker against payment to the true owner, and consequently the maker of such a note, when sued by an alleged transferee, may avail himself of the defense that the alleged transfer by the payee was not genuine. *Bruce* v. *Neal Bank*, 134 *Ga.* 364 (67 S. E. 819).

3. This was an action by Haralson as transferee against the maker and indorser of the note. It was alleged in paragraph two of the petition: "That said defendants are indebted to your petitioner as owner and holder, before maturity, of the note hereinafter described, . . executed by said defendant L. Carter, . . payable to the order of said Southern Guarantee & Investment Company, and indorsed by said Southern Guarantee & Investment Company by C. M. Hitch, Secretary and Treasurer. Said note being now held and owned by your petitioner as aforesaid." The separate answer of the maker stated: "Defendant denies the second paragraph of plaintiff's petition." *Held*, that this answer, construed in connection with the allegations of fact made in paragraph two of the petition, was in substance a denial, among other things, of the genuineness of the alleged transfer.

4. Allegations in the 8th and 9th paragraphs of the answer, to the effect that certain facts existing "at the date of the transfer" were sufficient to put the plaintiff on notice, etc., and that "the transfer of said note" was fraudulently made and without authority, etc., are not to be construed as so qualifying the denial of the factum of transfer, contained in paragraph two of the answer, as to authorize the striking of that part of the plea. Civil Code, § 5649. *Wade* v. *Watson*, 129 *Ga.* 614 (59 S. E. 294).

5. The plea alleging that the note was given for certain stock in the corporation, and there being no attack on the validity of the stock or denial that it was received by the maker of the note, allegations that the stock was worthless would not amount to an allegation that the note was nudum pactum. *Bank of Lavonia* v. *Bush*, supra; 7 Cyc. 694, 695; Nash *v.* Null, 102 Mass. 60 (3 Am. R. 435); Kernold *v.* Hunt, 4 Ind. 57.

6. The plea being sufficient to raise an issue as to the genuineness of the transfer, available to the defendant to protect himself against the consequences of payment upon a spurious transfer, it was erroneous to dismiss the plea in its entirety.

*Judgment reversed. All the Justices concur.*

DECEMBER 14, 1916.

Complaint. Before Judge Highsmith. Wayne superior court. December 7, 1915.

*Wilson & Bennett* and *J. W. Poppell*, for plaintiff in error.

*Smith, Hammond & Smith, D. M. Clark*, and *J. H. Thomas*, contra.