## 7900.   RUBY *v.* BOYETT.

Where the plaintiff's title to the note sued on depended on what purported to be the indorsement of a bank by its cashier, a defense sufficient to withstand an oral demurrer and to put upon the plaintiff the burden of proving the indorsement was made by a duly verified plea as follows: "Defendant denies the title of plaintiff to said note, and denies both the genuineness and legality of the indorsement of the Citizens Bank of Attapulgus on the back thereof, and denies that said indorsement was authorized by said bank, and denies that title to said note has ever passed out of said bank." The plaintiff having failed to prove the indorsement, the court did not err in excluding the note from the evidence, or in awarding a nonsuit.

DECIDED MARCH 19, 1917.

Complaint; from city court of Bainbridge—Judge Spooner. September 25, 1916.

*Hartsfield & Conger,* for plaintiff, cited: Civil Code (1910), § 4299; *Wingate* v. *Atlanta National Bank,* 95 *Ga.* 1 (4); *Crockett* v. *Garrard,* 4 *Ga. App.* 360; *Butler* v. *First National Bank,* 13 *Ga. App.* 35; *Gray* v. *Oglesby,* 9 *Ga. App.* 356; *Carey* v. *Giles,* 10 *Ga.* 26; 3 R. C. L. 452, § 81.

*W. H. Krause, M. E. O'Neal,* for defendant, cited: *Sheffield* v. *Jackson County Bank,* 2 *Ga. App.* 222, 223; *Federal Discount Co.* v. *Carter,* 14 *Ga. App.* 645-7; *Bruce* v. *Neal Bank,* 134 *Ga.* 366-7; *Mozley* v. *Reagan,* 109 *Ga.* 182; 2 Dan. Neg. Instr., § 1225.

BROYLES, P. J. 1. The exception to the ruling upon the demurrer to the original plea, not having been argued in the brief of counsel for the plaintiff in error, will be treated as abandoned.

2. The code of this State provides that an indorsement of a note, when it is sued on by the indorsee, need not be proved "unless denied on oath." Civil Code of 1910, § 4299. It follows, as a negative pregnant, that where such an indorsement is denied on oath there must be proof of the genuineness of the indorsement. "In such a case the existence of a genuine indorsement will be essential to the case of the plaintiff, and the burden of proof ordi-

narily rests upon the person 'to the existence of whose case or defense the proof of such fact is essential.' Civil Code [of 1895], § 5160. The provisions of the Civil Code, § 3696 [Civil Code of 1910, § 4288], relating to the law of presumptions, are to be construed in connection with section 3705 [Civil Code of 1910, § 4299], and are not to be considered as so qualifying the rule there stated as to place upon the defendant the burden of disproving the genuineness of an indorsement, when, by his plea filed under oath, he denies the indorsement. Under this interpretation of the law, and the condition of the record, the note . . [was] not admissible in evidence without evidence as to the genuineness of the indorsement." *Bruce* v. *Neal Bank,* 134 *Ga.* 364, 367 (67 S. E. 819). It is true that in that case the sufficiency of the plea therein to withstand the demurrers interposed was not passed upon, but the rulings in the case generally, and the well considered and logical opinion by Mr. Justice Atkinson, construing the various code-sections bearing thereon, are, in the opinion of this court, controlling in the case at bar. The instant case was a suit by the indorsee of a promissory note, and the defendant made by amendment the following verified plea: "Defendant denies the title of plaintiff to said note, and denies both the genuineness and legality of the indorsement of the Citizens Bank of Attapulgus on the back thereof, and denies that said indorsement was authorized by said bank, and denies that title to said note has ever passed out of said bank." This plea, denying the genuineness of the indorsement, was sufficient to put upon the plaintiff the burden of proving the indorsement, and the court did not err in overruling the oral demurrer to the plea as amended.

The plaintiff having failed to prove the indorsement of the note, the court did not err in excluding the note from the evidence and in awarding a nonsuit.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*