## 8459. McDonald & Griffin v. Horton.

BROYLES, P. J. 1. In a suit upon a promissory note, brought by the transferee and holder of the note, where the note itself shows that it was transferred to the plaintiff for value and before its maturity, the indorsements and transfers are presumed to be genuine and the dates thereof correct; and a plea which fails to deny unequivocally the genuineness of the indorsements and transfers on the note, or the dates thereof, is insufficient as a plea of non est factum. *Lester* v. *McIntosh*, 101 *Ga.* 675 (29 S. E. 7); *Taylor* v. *Johnson*, 18 *Ga. App.* 161 (89 S. E. 77).

2. Where such a note as is described above is sued on by the transferee and holder, its production by the plaintiff at the trial is prima facie evidence that he acquired it for value, before maturity, and without notice of any fact going to defeat its collection. As against him, payment made to the payee before the maturity of the instrument will not be a defense, without showing that the payee had possession of the note at the time, or was then the owner of it, or for some other reason had a right to receive the money. *Paris* v. *Moe*, 60 *Ga.* 91; *Haug* v. *Riley*, 101 *Ga.* 386 (29 S. E. 44, 40 L. R. A. 244); *Rhodes* v. *Beall*, 73 *Ga.* 642; *Jones* v. *Dannenberg*, 112 *Ga.* 428 (37 S. E. 729, 52 L. R. A. 271).

3. Under the foregoing rulings the plea failed to set up any legal defense against the plaintiff, who, under the facts of the case, was presumed to be the bona fide holder of the note before due and for a valuable consideration; and although the plea denied that the plaintiff was such a bona fide holder, the facts stated therein were insufficient to support this bald assertion, and the court did not err in striking the plea, or in thereafter entering up judgment against the defendants for the full amount sued for.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

DECIDED JULY 5, 1917.

Complaint; from city court of Bainbridge—Judge Spooner. January 11, 1917.

*J. R. Wilson,* for plaintiffs in error.

*C. W. Wimberly Jr.,* contra.