### 9321. BANK OF CUMMING v. MASON.

Payment made before maturity to the payee of the note sued on was not, under the facts of this case, a legal defense as against the plaintiff bank, a bona fide holder, which had received the note before maturity, as collateral security.

DECIDED MARCH 13, 1918.

Certiorari; from Cherokee superior court—Judge Morris. October 12, 1917.

The Bank of Cumming sued Mason in a justice's court on a promissory note for $40 and interest, made by him, payable to

**3**

O. L. & M. G. Lummus or bearer, and indorsed by the payees. The defendant filed a plea that he was not indebted to the plaintiff as alleged, and that the note sued on had been paid by him in full, and that he did not owe the plaintiff or any other person anything on the note. The note was introduced in evidence by the plaintiff, and the cashier of the bank testified that the bank took the note before it was due, as collateral security for a debt which O. L. & M. G. Lummus owed it, and that the note for which this $40 note was put up as collateral had not been paid in full to the bank, and that neither Mr. Mason nor any one for him had paid this $40 note to the bank, and that it is the property of the Bank of Cumming. The defendant testified that he paid the note sued on in full to M. G. Lummus on January 24, 1913, before the note matured; and he introduced in evidence, over objection by counsel for the plaintiff, a receipt from Lummus, dated January 24, 1913, for $40, "in full of notes and accounts." He further testified that at the time he paid it, Lummus told him that he did not have the note with him, but would send it to him; that he did not know that the bank had title to the note, and had never heard anything about the bank having it until "some time ago," when the bank called upon him for payment. The cashier of the bank further testified that the $40 for which Mason had a receipt was not paid to the bank by Mason or Lummus.

The jury returned a verdict for the defendant. The plaintiff carried the case to the superior court by certiorari, alleging that the verdict was contrary to law and the evidence, and that the court erred in admitting in evidence the receipt, it not being a receipt of the plaintiff, and the money not being paid to the plaintiff. The certiorari was overruled, and the plaintiff excepted.

*H. L. Patterson,* for plaintiff.

HARWELL, J. (After stating the foregoing facts.) It is undisputed that the note sued on in this case was received by the plaintiff before its maturity, as collateral security for a debt due by the payees, and that this debt was not paid. It further appeared that the payment made by the defendant to Lummus, payee of the note, was made before maturity, and it was not shown that the payee had possession of or was the owner of the note when the payment was made. Under the facts appearing in the record, the trial judge erred in overruling the certiorari. *Paris* v. *Moe,*

60 *Ga.* 90; *Haug* v. *Riley,* 101 *Ga.* 386 (29 S. E. 44, 40 L. R. A. 344) ; *McDonald* v. *Horton,* 20 *Ga. App.* 489 (93 S. E. 110). *Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*