## SUPREME KINGDOM INCORPORATED *v.* FOURTH NATIONAL BANK OF MACON.

No. 8600. April 16, 1932. Rehearing denied May 12, 1932.

*O. C. Hancock,* for plaintiff in error.

*Hall, Grice & Bloch* and *Ellsworth Hall Jr.,* contra.

Hill, J. The allegations of the petition in the nature of a bill of interpleader are stated in the previous report of this case. *Fourth National Bank* v. *Lattimore,* 168 *Ga.* 547 (148 S. E. 396). After that decision the case on the trial was resolved into a contest between the Fourth National Bank of Macon and the Supreme Kingdom Inc. After evidence was introduced, the court directed a verdict in favor of the Fourth National Bank, and the Supreme Kingdom Inc. excepted.

On the trial the court ruled that the burden of proof was on the Supreme Kingdom, and exception is taken to this ruling. In its answer to the petition the Supreme Kingdom averred that "R. E. Goddard and C. E. Pond did break open the letter containing said check and promissory note, this being done without authority from the Supreme Kingdom Incorporated, or any of its officers, and that in this way the possession of said check and the promissory note was procured from this respondent; that neither the said Pond nor Goddard had any authority whatsoever to break open the mail of this respondent, nor to negotiate or sign the name of the Supreme Kingdom Incorporated to said promissory note or check; that the same is a forgery, and this respondent has never directly or indirectly received any of the benefits from the proceeds of said check or note. On information this respondent admits that the check was paid by the Fourth National Bank of Macon to the Hotel Dempsey Company, or its assigns; that said Goddard and Pond likewise presented said promissory note to the Fourth National Bank of Macon for discount and did discount same, and likewise indorsed the name of the Supreme Kingdom Incorporated to both the said promissory note and the said check, this being done, however, without authority from the Supreme Kingdom Incorporated,

or any of its officers, and therefore is a forgery on the part of Pond and Goddard." This answer was sworn to by E. Y. Clarke as president and general manager of the Supreme Kingdom Incorporated. The court therefore properly ruled that the burden of proof was on the Supreme Kingdom to prove the averments in its answer. Civil Code (1910), §§ 5746, 5747.

■ Exception is taken also to the refusal of the judge to allow the president and secretary of the Supreme Kingdom to testify orally that Pond and Goddard were not officers of the corporation, but were merely agents to sell certain certificates or units of stock, and that they were not authorized to indorse the note and check in the name of the Supreme Kingdom and to collect the money due on said note and check made payable to the Supreme Kingdom. The court held that the books of the corporation, including its by-laws and minutes, were the highest evidence of the authority to sign the name of the corporation by indorsement of checks, notes, etc., and that in the absence of such evidence the witnesses offered by the defendant were not competent to testify orally as to such rules and by-laws contained in the books and minutes of the corporation. The court did not err in so holding. *Dawson Pecan Co. v. Montezuma Co.,* 19 *Ga. App.* 42 (8) 43 (90 S. E. 984) ; First National Bank of Washington *v.* Whitman, 94 U. S. 343 (24 L. ed. 229) ; Southern Trust Co. *v.* American Bank of Commerce, 148 Ark. 283 (229 S. W. 1026) ; Anderson *v.* Tacoma National Bank, 146 Wash. 520 (264 Pac. 8) ; Bell & Wayland Co. *v.* Bank of Sugden, 95 Okla. 67 (218 Pac. 705).

■ In this case the questions and answers, some of which were admissible and some not, were objected to in bloc; and it was not error in such circumstances to reject all the testimony offered, the exception being to the rejection of the testimony as a whole.

■ As the Supreme Kingdom failed to carry the burden imposed on it by law, the court did not err in directing the verdict in favor of the Fourth National Bank. No other legal verdict, under the rulings here made, could have been rendered.

*Judgment affirmed. All the Justices concur.*