*W. A. Dampier, S. P. New,* for plaintiff.
*C. C. Crockett,* for defendant.

22450. EAST POINT LUMBER COMPANY *v.* CHANDLER *et al.*

STEPHENS, J. 1. Although a plea, in a suit to recover upon a written instrument, may not expressly allege that the instrument was not the defendant's act or deed, yet where the clear import of the plea is that the defendant did not "sign," or did not "execute" the instrument sued on, the plea is good as one of non est factum, and is good as against a general demurrer, and is therefore amendable, not only by an amendment more specifically alleging a denial of the execution of the instrument sued on and containing allegations sufficient to constitute the plea as amended one of non est factum, good as against special demurrer, but, since a defendant may file contradictory pleas, it is also amendable by al-

leging that the instrument sued on was executed by the defendant, but that its execution by him was procured by certain alleged fraudulent acts and conduct.

2. Where the plaintiff sues upon a note secured by a deed to real estate, and prays for a judgment upon the note and a special lien upon the property, a plea which alleges that the defendant, who was a woman, "executed what [she] understood to be an application for a loan, but [denies that she has] signed any other character of paper for" the person named as payee in the note and as grantee in the deed, and that she has "never executed the security deed to the" same person referred to, "or any other character of paper except the application for a loan," the plea, as against a general demurrer, is sufficient as one of non est factum. This is not in conflict with *Thomas* v. *Siesel*, 2 *Ga. App.* 663 (4) (58 S. E. 1131) ; *Taylor* v. *Johnson*, 18 *Ga. App.* 161 (89 S. E. 77) ; *McMillan* v. *Fourth National Bank of Jacksonville*, 18 *Ga. App.* 445 (2) (89 S. E. 635).

3. Although a plea of non est factum may have been sworn to by the defendant according to the "best" of her "knowledge and belief," the affidavit was amendable, and therefore was sufficient to support an amendment alleging unequivocally and positively that the allegations in the plea were true.

4. The original plea being good as against general demurrer and therefore being sufficient to support an amendment, the court did not err in sustaining a motion timely made to vacate a judgment striking the plea, and did not err, upon the ground that the original plea contained nothing by which to amend, in allowing an amendment to the plea. The plea as amended set out legal defenses, and the court did not err in overruling the demurrers thereto.

5. Where the plaintiff's right to a recovery was dependent upon the genuineness of certain written instruments which the defendant denied she executed, and there was an issue whether the defendant's signature to one of the instruments was not in fact written by her but by another person, authorized by her, and whether she executed the instrument by making her mark and touching the pen, a·charge that if the person actually signing the defendant's name to the instrument did so as the defendant's agent, the agent's act was the act of the defendant, was, if erroneous upon the ground that the evidence presented no issue as to agency, not harmful to the plaintiff, and where a verdict was found for the defendant, such error does not authorize the grant of a new trial to the plaintiff. This ruling is not inconsistent with anything held in the following cases: *Gunn* v. *Head*, 116 *Ga.* 325 (42 S. E. 343) ; *Atlas Assurance Co.* v. *Kettles*, 144 *Ga.* 306 (87 S. E. 1) ; *Neal* v. *Harber*, 35 *Ga. App.* 628 (134 S. E. 347).

6. While, where a person authorizes another to execute a written instrument for him, in his presence, it is not necessary, in order to constitute the act of the person actually signing the instrument the act and deed of the person authorizing him to do so, that the person so authorizing should touch the pen, a charge by the court that where a person authorizes another in his presence to sign the instrument for him and does touch the pen and make his mark, the act of the party making the sig-

nature is the act and deed of the person so authorizing, states a correct proposition of law; and on the trial of a suit to recover on the instrument, where there is adduced evidence that the defendant did touch the pen, such a charge is not erroneous as against the plaintiff in that it is calculated to mislead the jury into believing that it would be necessary, in order to constitute the signature that of the person authorizing it, that the person so authorizing it should touch the pen. Had the plaintiff in this case desired an instruction by the court that the touching of the pen by the party authorizing the signature was not essential to the constitution of the signature of the defendant when made by another at her request as the defendant's act or deed, a request for such charge should have been made.

7. The evidence presents no issue whether the defendant, without touching the pen or in any wise making any mark or signature, requested another to sign her name to the instrument, and the failure of the court to charge anywhere the proposition of law that if the defendant was present and requested another to sign her name, the signing of her name by the person so requested would be the defendant's own signature as if she had written it herself, was not error.

8. The evidence. authorized the verdict for the defendant, and no error appears. *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 8, 1933.

*Bryan, Middlebrooks & Carter, Edward Everett,* for plaintiff.
*Thomas E. Scott, C. C. Hornbuckle,* for defendants.