24686.   FIELD, administrator, *v.* McELROY.

SUTTON, J.   This was an action on a note secured by a loan deed to certain realty, brought by the payee against the administrator of the maker, in which the defendant set up that the note was not due and that there had been no default in payment of the loan represented thereby, which would give the payee the right to declare the same due. That the pleadings in the case presented an issue for a jury to pass upon, if the defendant introduced evidence in support thereof, was adjudicated on the former appearance of this case in this court.   *Field* v.

*McElroy*, 47 *Ga. App.* 735 (171 S. E. 300). It was there held that the plea to the suit on the note, set up by the defendant, was good as against a general demurrer. The case proceeded to trial, and a verdict was directed in the plaintiff's favor. The defendant's motion for new trial was overruled, and he excepted. *Held:*

1. Rulings allowing or disallowing amendments to pleadings, or judgments on demurrers, and similar interlocutory rulings on pleadings, can not properly be made the ground of a motion for a new trial. *Edwards* v. *Ottwell*, 49 *Ga. App.* 456 (176 S. E. 52); *Sterchi Brothers Stores Inc.* v. *Mitchell*, 49 *Ga. App.* 826 (176 S. E. 537). An amendment by the defendant to his plea and answer was offered on the trial of this case, in which he sought to strike therefrom certain admissions regarding the note sued on. In the motion for a new trial there is an attempt to assign error on this ruling.

2. In his original plea and answer the defendant admitted that during her lifetime his intestate signed a note payable to the plaintiff for the principal amount of the note involved in this case, but denied that it was then due. He further admitted that the interest coupons were for $50 each and matured on October 15 and April 15 of each year. He admitted that he received a letter from plaintiff's attorney demanding attorney's fees, but denied the maturity of the note and right of the plaintiff to such fees. Defendant also admitted the execution of the loan deed given by his intestate to secure the note. In his plea the defendant called upon the plaintiff to have at the trial the original note, the loan deed, and a detailed statement of all rents received by him from the options exercised under the loan deed, which contained a clause giving plaintiff the right on default of any interest payment, to take charge of the premises, to collect the rents and apply the same toward payment of the interest notes as they came due, defendant alleging that plaintiff had in this manner received more money than was due under the loan at the time of suit, and that such interest notes were not in default, and therefore the principal was not due. In this state of the pleading the defendant could not object to the introduction of the principal note in evidence, upon the ground that it was not witnessed and that there was no proof that his intestate signed it; and the court did not err in admitting it in evidence. It is true that the defendant offered an amendment to his plea and answer, seeking to strike therefrom the allegations admitting the execution by his intestate of the note and loan deed, and that the court disallowed this amendment. As held above, this ruling can not now be inquired into, and the plea and answer must be dealt with without such admissions stricken therefrom.

3. Plaintiff made a prima facie case by introducing the note sued on, with due and unpaid interest coupons attached, in which note it was provided that upon failure to pay interest when due the principal should become due, and by proof of notice to the defendant as to attorney's fees; and, the defendant having offered no evidence in support of his plea and answer, the trial judge did not err in directing a verdict for the plaintiff.

4. A new trial will not be granted because the court allowed the plaintiff to testify that "during the lifetime of" defendant's intestate "she met the payments on each interest coupon as they became due. This is the

note." Defendant objected to this testimony upon the ground that it was inhibited by section 38-1603 (1) of the Code of 1933. Under the facts, no harm to the defendant resulted from this ruling. ·

5. The verdict in plaintiff's favor was demanded, and none of the alleged errors of the court could have harmed the defendant. This being true, the trial judge properly overruled the defendant's motion for a new trial. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 15, 1935.

*Paul H. Field,* for plaintiff in error.
*C. D. McCutchen, Don K. Johnston,* contra.