26828. LANCASTER *v.* RALSTON.

*Wyatt & Morgan,* for plaintiff in error.

*Frank L. Gearreld, J. L. Smith,* contra.

GUERRY, J. Ralston, as transferee of certain promissory notes executed by Lancaster, instituted the present action against Lancaster. Paragraph 2 of the petition was as follows: "That said Mahaley Lancaster is indebted to your petitioner in the sum of eleven hundred and forty-two dollars as principal, besides interest at 7 % per annum from January 1, 1929, to maturity, and besides 8 % per annum from maturity, upon five certain promissory notes given by Mahaley Lancaster on January 1, 1929, payable to the order of Herman Hachmeister, and indorsed and transferred for value by him to petitioner; said notes being in the following sums and due on dates specified: $100 due November 1, 1929; $100 due November 1, 1930; $100 due November 1, 1931; $100 due November 1, 1932, and $800 due November 1, 1933; said notes bear credit of $25 dated November 29, 1929, and credit of $33 dated November 6, 1930; and besides 10 % of principal and interest due on said notes, as attorney's fees. Copies of which said notes are hereto attached, marked exhibits, A, B, C, D, and E; two certain interest notes, mentioned in said principal notes, are also attached marked exhibits F and G." The defendant's answer was filed under oath, and contained a general denial of this paragraph and a plea of payment of the notes sued on. To the plea of payment the judge sustained a special demurrer, and gave to the defendant leave to amend the plea within thirty days. Within the time prescribed the defendant filed an amendment in the office of the clerk of the court. It was not, however, presented to and allowed by the judge within such time. This was not a compliance with the order of the judge, as pointed out in headnote 1, and resulted in striking the plea on motion. It appears from the record that at the trial the plaintiff, without objection, introduced in evidence the notes with the written transfers thereon, and that the judge thereupon directed a verdict for the plaintiff. In the motion for new trial and in the bill of exceptions complaint

is made that the general denial by the answer of the paragraph of the petition containing, among other things, an allegation of the transfer of the notes to the plaintiff, put in issue the genuineness of the transfer, and that the "judge should not have directed a verdict and entered up a judgment thereon for the amount sued for, and on the further and special ground that the defendant's denial of the transfer of said notes was an issue of fact that should have been submitted to a jury, and defendant should have been permitted to introduce evidence in regard to this issue."

The Code, § 20-805, provides: "An indorsement or assignment of any bill, bond, or note, when the same is sued on by the indorsee, need not be proved unless denied on oath." Under this provision it has been held that where the maker, when sued on a promissory note by a transferee, by sworn plea properly denies the genuineness and legality of the indorsement, the onus probandi rests on the indorsee to prove the genuineness and legality of such indorsement, before the note is admissible in evidence. In this connection see *Bruce* v. *Neal Bank,* 134 *Ga.* 364 (67 S. E. 819); *Carter* v. *Haralson,* 146 *Ga.* 282 (91 S. E. 88); *Fourth National Bank of Macon* v. *Lattimore,* 168 *Ga.* 547 (148 S. E. 396); *Federal Discount Co.* v. *Carter,* 14 *Ga. App.* 645 (82 S. E. 51); *Hancock* v. *Empire Cotton Oil Co.,* 17 *Ga. App.* 170 (86 S. E. 434); *Ruby* v. *Boyett,* 19 *Ga. App.* 516 (91 S. E. 939); *Kreischer* v. *Bank of Louisville,* 32 *Ga. App.* 699 (124 S. E. 539); *Lightfoot* v. *Head,* 27 *Ga. App.* 148 (2) (107 S. E. 609). Whether this rule has been changed by the negotiable-instruments law adopted in this State in 1924, so as to require the plaintiff to produce evidence of the genuineness and legality of the indorsement only when the defendant produces evidence showing that the title of the plaintiff is defective, presents an interesting question which we need not pass on in this case. Those of the profession interested in pursuing this question are referred to the following authorities, which are by no means intended as exhaustive of the subject: Ga. L. 1924, p. 165, §§ 195, 196; Code, §§ 14-211, 14-216, 14-223, 14-301, 14-416, 14-417, 14-505, 14-509; Brannan's Negotiable Instruments Law (5th ed.), 302, 652, 653, §§ 23, 59. In this decision we are not to be construed as ruling that the general denial in the sworn answer of the paragraph of the petition wherein the plaintiff set up, among other things, the indorsement of the notes to him by

the payee, is sufficient to present an issue as to the legality and genuineness of the indorsement. There seems to be some conflict in the decisions in this connection. Examine *Bruce* v. *Neal Bank, Carter* v. *Haralson, Federal Discount Co.* v. *Carter, Hancock* v. *Empire Cotton-Oil Co.,* and *Ruby* v. *Boyett,* supra; *East Point Lumber Co.* v. *Chandler,* 46 *Ga. App.* 361 (167 S. E. 787) ; *McDonald* v. *Horton,* 20 *Ga. App.* 489 (93 S. E. 110) (the plea in this case, as shown by the record of file in the clerk's office, being merely a sworn answer containing a general denial of the allegation of transfer set forth in the petition) ; *Taylor* v. *Johnson,* 18 *Ga. App.* 161 (89 S. E. 77) (the plea in this case, as shown by the record, being the same as that in *McDonald* v. *Horton,* supra) ; *Cedar Rapids National Bank* v. *Beckham,* 6 *Ga. App.* 571 (65 S. E. 359) (the plea in this case, as shown by the record being the same as in the above two cases). See also *Crockett* v. *Garrard,* 4 *Ga. App.* 360 (61 S. E. 552) ; *Kennemore* v. *Heller,* 50 *Ga. App.* 528 (179 S. E. 154) ; *Odell* v. *Wessinger,* 54 *Ga. App.* 838 (189 S. E. 367) ; *Wiggins* v. *Parker,* 20 *Ga. App.* 739 (96 S. E. 231) ; *Sheffield* v. *Johnson County Savings Bank,* 2 *Ga. App.* 221 (58 S. E. 386). We merely concede, for the purpose of a decision of the writ of error, that it does properly present this issue.

"Where the title of the holder of a note, transferred by indorsement, is questioned by a proper plea under oath, and the genuineness of the indorsement itself is so denied, proof is necessary on the part of the plaintiff before the note thus challenged can be introduced in evidence. If, however, without proof to establish the title of the holder or the validity of the indorsement, the note is offered in evidence with an apparently sufficient indorsement thereon to convey title to the holder, and no objection to the note with the indorsement thereon is urged by the defendant, the failure to object will amount to consent on his part to the introduction of the note, and to a waiver of his right to exact proof of the indorsement, and he can not for the first time raise the objection in this court." *Hancock* v. *Empire Cotton-Oil Co.,* supra. The introduction of the note in evidence, without objection, amounted to proof of the transfer. The plaintiff was prima facie a holder in due course (Code, § 14-509), and in the absence of contradictory evidence a directed verdict for the plaintiff was proper. See *Stan-*

ford v. *New England Mortgage Security Co.,* 110 *Ga.* 274 (34 S. E. 600); *Butler* v. *First National Bank,* 13 *Ga. App.* 35 (4) (78 S. E. 772); *Field* v. *McElroy,* 51 *Ga. App.* 407 (3) (180 S. E. 756). The answer of the defendant did not constitute evidence as against the prima facie case thus made, and presented no issue to be passed on by the jury. *Mitchell* v. *Great Atlantic & Pacific Tea Co.,* 7 *Ga. App.* 824 (68 S. E. 343); *Hawkins* v. *Chambliss,* 120 *Ga.* 614, 617 (48 S. E. 169). In the bill of exceptions complaint is made that it was error to direct a verdict, for the reason that the "defendant should have been permitted to introduce evidence in regard to this issue." This complaint, in the state of the record, is without merit. It does not appear from the record that the defendant made any offer at the trial to produce evidence on this issue, nor does it appear that the defendant had evidence which, if produced, would have authorized a finding in his favor on this issue. It is well settled that this court will not pass on any question not passed on in the trial court (*Durden* v. *Meeks,* 110 *Ga.* 319, 35 S. E. 153; *Fenn* v. *Georgia Railway & Electric Co.,* 122 *Ga.* 280, 50 S. E. 103; *Savannah, F. & W. Ry. Co.* v. *Tolbert,* 123 *Ga.* 378, 51 S. E. 401; *Garrett* v. *Cowart,* 149 *Ga.* 557, 101 S. E. 186); and that to warrant a judgment of reversal it must be made to appear by the plaintiff in error that the error, if any, was harmful and prejudicial. Cf. *Ricker* v. *Lowry National Bank,* 26 *Ga. App.* 328 (2) (106 S. E. 205); *Smith* v. *Green,* 128 *Ga.* 90 (57 S. E. 98); *Corker* v. *Stafford,* 125 *Ga.* 428 (54 S. E. 92). From what has been said it is apparent that the judgment should be

*Affirmed. Broyles, C. J., and MacIntyre, J., concur.*