27240. BUENA VISTA LOAN AND SAVINGS BANK *v.* STOCKDALE.

DECIDED MARCH 8, 1939.   REHEARING DENIED MARCH 30, 1939.

*John C. Butt,* for plaintiff in error.   *T. B. Rainey,* contra.

STEPHENS, P. J.   B. P. Stockdale, as transferee of a cashier's check issued May 28, 1935, in the sum of $14.75, payable to the order of "Salem China Company" as payee, on which appeared an indorsement in the name of "Salem China Company, by H. C. Robinson," brought suit in the justice's court against Buena Vista Loan & Savings Bank, as maker.   The case was appealed by consent to the superior court of Marion County.   The defendant in its plea as amended pleaded non est factum as to the indorsement upon the check, denying that the indorsement of Salem China Company appearing on the check was genuine, but alleging that it was a forgery, and that H. C. Robinson was at the time not the agent of Salem China Company and was without authority to sign the name of Salem China Company as indorser on the check and to deliver the check to another person, and that therefore the plaintiff, as the transferee under this indorsement, had no right, title, or interest whatsoever in the check.   In the plea as amended the defendant further alleged that, prior to the defendant's issuance of the check sued on, Hogg-Jackson Hardware Company of Buena Vista had issued a check in the sum of $14.85 to "Salem China Company" as the payee and delivered it to H. C. Robinson as the representative of Salem China Company, in payment for a bill of chinaware which Robinson stated the Salem China Company had shipped to a customer in McRae, Georgia, which had been refused, and which would be delivered to Hogg-Jackson Company; that H. C. Robinson, to whom Hogg-Jackson Company had delivered this check, presented it to the defendant bank and had it exchanged for the defendant bank's cashier's check payable to Salem China Company, which check was delivered to H. C. Robinson "to be transmitted to said Salem China Company."

On the trial of the case the check with the indorsement thereon was introduced in evidence.   The cashier of the defendant bank testified that, at the time the check was issued, a person claiming to be H. C. Robinson, and representing himself to be the representative of Salem China Company, presented to the defendant

bank for payment, a check signed by Hogg-Jackson Hardware Company, payable to Salem China Company or order; that such person was a stranger to the official of the defendant bank, and payment of this check was refused; that such person then requested that the defendant bank accept the check and issue in its stead a cashier's check, payable to Salem China Company, for the amount thereof, less a fee for the issuance of the check; that the defendant bank did this, and the check sued on was issued in place of the check offered. On this evidence the court directed a verdict for the plaintiff.

The defendant moved for a new trial on the general grounds that the verdict was without evidence to support it, etc., and on several special grounds. It is alleged that the court erred in admitting the check in evidence. The defendant objected to the admission in evidence of the check on the ground that there was no proof of the genuineness of the indorsement thereon by Salem China Company, that, the defendant having filed a plea of non est factum denying the genuineness of the indorsement and alleging that it was a forgery, the burden was on the plaintiff to show the validity of the indorsement, and that, in the absence of such proof offered by the plaintiff, it did not appear that the plaintiff had any right, title, or interest whatsoever in the check. This objection was overruled and the check admitted. It also is alleged that the court erred in rejecting evidence offered by the defendant that, after the defendant had issued the check, the bank received a post card from Salem China Company advising that there was no such person as H. C. Robinson in its employ, and that H. C. Robinson had no authority to make sales or make any collections for same for Salem China Company. It is also alleged that the court erred in rejecting from evidence the post card referred to. The court also refused to allow Hogg-Jackson Hardware Company to intervene and claim the funds "represented by the check sued upon."

It appears from the evidence that the defendant bank, in issuing the check sued on, issued it to "Salem China Company" as the payee. If the check, although issued to Salem China Company as the payee, was in fact issued and made "payable to the order of a fictitious or nonexisting person and such fact was known to the person making it so payable," as in this case the

defendant bank, it was, under the provisions of the Negotiable- Instruments Law, Code, § 14-209, payable to bearer, and H. C. Robinson had the right, as the bearer and payee of the check, to transfer and indorse it to the transferee either in his own name or in the name of Salem China Company. The indorsement then would have been genuine as Robinson's act and deed, and would have passed title to the plaintiff Stockdale, the transferee. The evidence then would have demanded the verdict which was directed for the plaintiff. On the other hand, if the check was made payable to a payee which purported to be a legal entity, as "Salem China Company" in this case, and it was intended by the bank to be made payable to an existing and nonfictitious person, the check was not payable to bearer, but was payable to Salem China Company, an existing and nonfictitious person, and could be transferred only by Salem China Company through and by some one legally authorized by it with authority to transfer title to the check by indorsement. It could not be legally transferred by the bearer, H. C. Robinson, by his indorsement of his own name thereon, or by his indorsement of the name of the payee, Salem China Company, without its authority. *Buena Vista Loan & Savings Bank* v. *Stockdale*, 56 *Ga. App.* 168 (192 S. E. 246) ; *Atlanta & Lowry National Bank* v. *First National Bank*, 38 *Ga. App.* 768 (145 S. E. 521).

In the absence of evidence that the payee, whose name purported to be a legal entity, was a nonexisting or a fictitious person, the payee presumably was an existing and nonfictitious person. If H. C. Robinson, when he approached the bank and requested the issuance of the check in the name of Salem China Company as the payee, did not in fact represent Salem China Company but represented only himself, and the bank knew this, and with such knowledge issued the check to Robinson in the name of Salem China Company as the payee, and intended to issue the check to Robinson in the name of Salem China Company, then perhaps Salem China Company would have been a nonexisting or fictitious person in so far as the particular transaction was concerned. It does not appear from the evidence that the bank had any such knowledge of Robinson's status, and it does not appear that the bank, in issuing the check, intended to issue it to H. C. Robinson passing

under the name of Salem China Company, or that it intended to issue the check to a fictitious or nonexisting person.

It appearing therefore conclusively and without dispute from the evidence that the check was issued to the payee purporting to be a legal entity, namely Salem China Company, and it not appearing that it was issued to a fictitious or nonexisting person with knowledge of the bank issuing the check, the evidence demands the inference that the check was not payable to a fictitious or nonexisting person, and therefore not payable to bearer, but was payable to an existing payee, namely Salem China Company. Therefore, H. C. Robinson, the person who had possession of the check, had no right or authority to transfer the check to the plaintiff transferee by indorsement thereon of the name of the payee Salem China Company unless he was so authorized by Salem China Company. There is no evidence that he was so authorized.

■ In Code, § 20-805, it is provided that "An indorsement or assignment of any bill, bond, or note, when the same is sued on by the indorsee, need not be proved unless denied on oath." It follows therefore that since the defendant has in its plea denied the genuineness of the signature of the payee transferring the check to the plaintiff, and alleged that this signature was a forgery, the burden was placed on the plaintiff to prove the genuineness of the signature. *Bruce* v. *Neal Bank,* 134 *Ga.* 364 (67 S. E. 819); *Federal Discount Co.* v. *Carter & Co.,* 14 *Ga. App.* 645 (82 S. E. 51); *Ruby* v. *Boyett,* 19 *Ga. App.* 516 (91 S. E. 939); *Bank of Norwood* v. *Chapman,* 19 *Ga. App.* 709 (92 S. E. 225). See also *Jewell* v. *Walker,* 109 *Ga.* 241 (34 S. E. 337), and *Carter* v. *Haralson,* 146 *Ga.* 282 (2a) (91 S. E. 88).

The plaintiff relies on the case of *Supreme Kingdom Inc.* v. *Fourth National Bank,* 174 *Ga.* 779 (164 S. E. 204), as authority for the proposition that the burden was upon the defendant, where it had filed a plea of non est factum as to the genuineness of the indorsement on the check, to sustain the plea, and was not upon the plaintiff to prove the genuineness of the indorsement. In that case it was held in the headnote that "Where the answer of the defendant avers that its name indorsed upon a certain promissory note and check sued on is a forgery, the burden of proof is upon such party so affirming." This was a case in equity where the Supreme Kingdom and the Fourth National Bank were defend-

ants in a petition for interpleader brought by one Lattimore. See *Fourth National Bank* v. *Lattimore,* 168 *Ga.* 547 (148 S. E. 396). Lattimore had given a check and a note payable to the Supreme Kingdom, the check being drawn upon the Fourth National Bank. He alleged that the note and the check were indorsed by certain persons as the agents or representatives of the Supreme Kingdom, and that the Fourth National Bank, upon whom the check was drawn, had cashed the check and had discounted the note, that the Supreme Kingdom was contending that the persons who indorsed the note and the check had, illegally and without authority, extracted the note and the check from the mail of the Supreme Kingdom and had no authority whatsoever to indorse these instruments, that both the bank and the Supreme Kingdom were seeking to hold him liable upon the note and the check. The case resolved itself into a contest between the bank and the Supreme Kingdom. When the case, on the issue between the bank and the Supreme Kingdom, came to the Supreme Court (174 *Ga.* 779, supra), the court held that the burden of proof was upon the Supreme Kingdom to show the invalidity of the indorsements on the note and the check, which note the bank had discounted and held, and which check the bank had cashed and charged against the funds of Lattimore. In that case the Supreme Kingdom, despite the fact that it was referred to in the headnote as the "defendant," stood in the relationship to the bank as the plaintiff seeking to invalidate the bank's title. The Supreme Kingdom may have been properly charged with the burden of invalidating the bank's title by showing the invalidity of the indorsements. The situation there was not one where the holder of a note, or check, was seeking to recover on it against the maker. If the bank had sued Lattimore on the note or check, and Lattimore had pleaded non est factum as to the indorsement by the Supreme Kingdom through its agents and representatives, there would have been a different situation. The burden of proof as to the genuineness of the signature could, consistently with the ruling in that case, have been placed on the plaintiff bank. Therefore, *Supreme Kingdom Inc.* v. *Fourth National Bank,* supra, is not authority for the proposition urged by the plaintiff in the case now before the court. If this decision could be so construed, it would be directly in conflict with the statute as expressed in the Code,

§ 20-805. In this decision no reference was made to this Code section. The decision must therefore be given a construction consistent with the Code section. To repeat, this Code section provides that "an indorsement or assignment of any bill, bond, or note, when the same is sued on by the indorsee, need not be proved unless denied on oath."

The burden of proof was upon the plaintiff Stockdale, as the transferee of the check, to show that the signature of the Salem China Company, the payee, was genuine, and was the act or deed of Salem China Company. There being no evidence to show this, the evidence was insufficient to support the verdict found for the plaintiff. In view of the rulings here made it is not necessary to pass upon the exception to the admissibility in evidence of the check.

■ The other evidence offered and to which objection was made by the defendant, was clearly hearsay and was properly rejected.

■ It was not essential to any right of the defendant bank that Hogg-Jackson Company be made a party to the case by intervention. The court did not err in refusing to allow Hogg-Jackson Company to intervene and claim the funds.

The court erred in overruling the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*