38070. GENERAL GAS CORPORATION *v.* ROBINSON.

FELTON, Chief Judge. 1. "When an execution shall issue upon the foreclosure of a mortgage on personal property, as hereinbefore directed, the mortgagor or his special agent may file his affidavit of illegality to such execution, in which affidavit he may set up and avail himself of any defense which he might have set up, according to law, in an ordinary suit upon the demand secured by the mortgage, and which goes to show that the amount claimed is not due." Code § 67-801.

2. "The plea of non est factum is a denial of the execution of the instrument sued upon, and applies to notes and other instruments, as well as deeds, and applies only when the execution of the instrument is alleged to be the act of the party filing the plea, or adopted by him." Code § 81-701.

3. "A plea of non est factum positively denying the execution of an instrument sued on casts the burden of proving the execution upon the plaintiff." *H. J. McGrath Co.* v. *Mobley,* 78 *Ga. App.* 759, 765 (52 S. E. 2d 473), and cases cited. Cf. *Supreme Kingdom, Inc.* v. *Fourth National Bank,* 174 *Ga.* 779 (164 S. E. 204) as explained in *Buena Vista Loan &c. Bank* v. *Stockdale,* 59 *Ga. App.* 798, 802 (2 S. E. 2d 158).

4. Where plaintiff foreclosed its conditional-sale contract covering a certain home freezer, and execution issued and levy was made on the property and defendant in fi. fa. filed his affidavit of illegality alleging, among other things, that "the conditional-sale contract upon which said fi. fa. was issued in said case was never made, signed, nor executed by him, nor by any other person by him so authorized to do and the same is

not his act or deed," this constituted a proper plea non est factum and placed the burden on the plaintiff to prove the execution of the contract which was sought to be foreclosed. Since the plaintiff in fi. fa. offered no evidence concerning the contract or its execution at the trial of the issue made by the affidavit of illegality, the court did not err in excluding the execution issued in the foreclosure proceedings and the entry of levy thereon, in dismissing the levy and in overruling the plaintiff's motion to strike the affidavit of illegality on the defendant's failure to offer any evidence thereunder.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

DECIDED FEBRUARY 4, 1960.

*E. B. Jones, Jr.*, for plaintiff in error.
*Murphy & Murphy, James Murphy, Thomas B. Murphy*, contra.