BALL *v.* MADDEN *et al.*

1. "Whenever a person is possessed of property or funds, or owes a debt or duty, to which more than one person lays claim, and the claims are of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." Civil Code, § 5471.

2. Applying the above-stated rule to the facts of this case, the plaintiff in error had no just ground of complaint of the refusal of the judge to vacate an order for an interpleader and an interlocutory injunction.

APRIL 18, 1913.

Motion to dissolve injunction, etc. Before Judge Maddox. Floyd superior court. November 29, 1912.

*Harris, Harris & Harris,* for plaintiff in error.
*M. B. Eubanks* and *Seaborn & Barry Wright,* contra.

FISH, C. J. Mrs. Echols, the owner of a farm in Floyd county, on January 24, 1911, leased it for three years, beginning January 1, 1912, to three persons by the name of Madden, who were in possession of the farm as her tenants when the lease contract was executed. This contract was in writing, but was never recorded. The stipulated rental was 3,000 pounds of lint-cotton for each year, for which the tenants gave Mrs. Echols their joint notes maturing at stated intervals during the months of October and November of each year during the term. The tenants have since remained in possession. On February 3, 1911, Mrs. Echols transferred to the Citizens Bank of Rome, as collateral security for a loan, the notes given her by her tenants. The loan has never

been paid. On May 12, 1911, Mrs. Echols executed to Willis a deed to the leased premises, to secure a loan from him to her. This deed contained a power to Willis to sell the lands at public sale to pay the loan made by him, in the event of its non-payment at maturity. A bond to reconvey upon the payment of the loan was given by Willis to Mrs. Echols. At the time of this transaction Willis had no actual notice or knowledge of the lease. His loan not having been paid at maturity, Willis, in pursuance of the power of sale contained in the security deed, executed to him by Mrs. Echols, sold at public outcry, on July 12, 1912, the lands composing the farm to Ball, and conveyed the same to him by deed. At the time he purchased, Ball had actual notice of the lease contract between Mrs. Echols and the Maddens. When the note for the rent of 1912 became due, the bank, who held the same as collateral for its unpaid loan to Mrs. Echols, and Ball, who had purchased the land, were both about to distrain for the rent of that year. Thereupon the Maddens presented their petition to the judge of the superior court, against the bank and Ball, setting forth the facts above stated, alleging their ability and readiness to pay the rent for 1912, but declaring their inability to determine, with safety to themselves, who was legally entitled to the same, the bank or Ball. The petitioners also offered to deliver the rent to the court. They prayed that the bank and Ball be required to interplead as to their respective claims to the rent, and that meanwhile they be enjoined from proceeding against petitioners for the same. Upon considering such verified petition, the judge granted an order enjoining the defendants as prayed for, until further order of the court; and also requiring the defendants to interplead in the cause and set up whatever right and claim they might have against the rent. It was further ordered that the petitioners deliver the rent to the clerk of the court, and that thereupon they be discharged from any and all further liability to either of the defendants for such rent. This order was granted October 15, 1912. Ten days thereafter, Ball filed a motion to vacate the order. The facts set forth in the motion were the same as those in the petition for interpleader and which we have already stated. The motion further stated that when Ball purchased the land the crops had not matured. The Maddens alone were made parties respondent to the motion. Upon the hearing of the motion the facts stated in the petition and the

motion were admitted to be true, and it was shown that the crops had not matured when Ball purchased the land. The judge refused to grant the motion. By consent of all parties, the clerk of the court was ordered to sell the cotton and deposit the proceeds in a designated bank, to await the final determination of the interpleader between Ball and the Citizens Bank of Rome, and that the final judgment in the interpleader attach to the fund as fully as to the cotton had it not been sold.

The only question presented for decision is whether the judge erred in refusing, on the motion of Ball, to vacate a former order requiring Ball and the bank to interplead, and enjoining them both, pending the interpleader, from proceeding against the Maddens for the collection of the rent due for the year 1912. The bank was not a party to the motion; and even if it had been, it would not be necessary for us to determine whether it or Ball had the better claim to the rent. "Whenever a person is possessed of property or funds, or owes a debt or duty, to which more than one person lays claim, and the claims are of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." Civil Code, § 5471. Applying the provisions of this section to the facts of the case at bar, it is clear enough, without discussion or the citation of authority, that the Maddens had the right to an interpleader and an interlocutory injunction, and that the judge did not err in refusing to revoke the order granting them such relief. Accordingly, the judgment is affirmed.

*Judgment affirmed. All the Justices concur.*