FOURTH NATIONAL BANK OF MACON *v.* ODOM *et al.*

GILBERT, J. 1. The court did not err in overruling the demurrer to the petition for interpleader. "Whenever a person is possessed of property or funds, or owes a debt or duty, to which more than one person lays claim, and the claims are of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." Civil Code (1910), § 5471.

2. Where one holds a non-negotiable note containing language which would place a prudent man upon his guard, the maker of such note could, as against the holder, make all the defenses which would have been open to him against the payee. Civil Code (1910), § 3653; *Guerry* v. *Perryman,* 6 *Ga.* 119; *Shelley* v. *Baker,* 125 *Ga.* 663 (54 S. E. 653); 7 Cyc. 606, 607, 608.

3. The cases of *Ball* v. *Madden,* 139 *Ga.* 727 (78 S. E. 26), and *Ball* v. *Citizens Bank,* 143 *Ga.* 55 (84 S. E. 122), were correctly decided, and

the request to review and overrule them is denied. Those cases originated in a petition for injunction filed by Madden, a lessee of land under a written contract, signed in duplicate, alleging that the original landlord had assigned his interest in the lease contract, and that the transferee of the contract and also a purchaser of the land "were both about to distrain for the rent of that year." These cases stand upon a totally different basis from one where a "negotiable note" is purchased before maturity and without notice of defenses, and where the holder is suing, not for rent, but upon the obligation of the maker to such transferee. Likewise the instant case does not involve the question of preserving the rights of bona fide holders of "negotiable" instruments.

*Judgment affirmed. All the Justices concur.*

No. 122. JULY 11, 1917.

Interpleader. Before Judge Mathews. Bibb superior court. November 29, 1916.

M. Eady rented a house from Guthrie, and gave monthly notes for the rent. Guthrie immediately transferred the notes to the Fourth National Bank of Macon as collateral security for an existing loan. Eady at this time was a tenant of Guthrie on the premises. Subsequently Guthrie was adjudicated a bankrupt, and the premises rented to Eady were sold by the trustee in bankruptcy, and Odom and others became the purchasers. Thereafter Eady filed a petition for interpleader, alleging that he owed and was ready to pay the rent according to his contract, either to the bank or to Odom, and prayed a judgment of the court as to which of these parties should receive the payments. The bank demurred to the petition, on the ground that the claims were not identical, and that interpleader could not lie. The court overruled the demurrer, and the bank excepted. Afterward the case was submitted to the judge without a jury; and he rendered a decision in favor of Odom. The rent notes were identical in terms, except as to the date of payment, and the following is a copy of one of them:

"$20.00.　　　　　　　　　　Macon, Ga., August 3rd, 1915.

"On the first day of July, 1916, I promise to pay T. D. Guthrie or bearer, twenty and no/100 dollars, for rent, payable at any banking office in Macon, Georgia. I hereby waive all rights of homestead and exemption as to this debt. Value received. This note to be surrendered in case building is rendered untenantable by fire. I agree to make no change or alteration without written consent of owner or agent. This note is given subject also to con-

tract between parties hereto. M. Eady." The note was indorsed by T. D. Guthrie.

*Hardeman, Jones, Park & Johnston* and *Harry S. Strozier,* for plaintiff in error.

*Hall & Grice, Herring & Sparks,* and *C. J. Bloch,* contra.