## MIDDLEBROOKS v. BARRON et al.

1. It was not error to allow a default in pleading to be opened, upon compliance with the Civil Code, § 5656.
2. Where equitable relief was prayed for as against two defendants non-resident of the county in which the action was brought, but no substantial relief was prayed for as against the only defendant residing in that county, the superior court thereof was without jurisdiction of the suit.
3. Whether under the facts the plaintiff can require the defendants to interplead is not decided.

No. 1941. DECEMBER 14, 1920.

Equitable petition.   Before Judge Mathews.   Bibb superior court.   February 11, 1920.

*R. Douglas Feagin,* for plaintiff.

*J. C. Barron, R. N. Hardeman,* and *L. D. Moore,* for defendants.

HILL, J.   1.   "At the trial term the judge in his discretion, upon the payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial." Civil Code (1910), § 5656. Consequently, where it appears that the above provisions of the code were complied with, it was not error for the court to allow the default to be opened.

2.   Claud Middlebrooks, a tenant, brought an equitable petition against B. H. Ray of Bibb County, as trustee for his minor children, W. H. Barron and W. H. Henderson of Jones County, and J. C. Middlebrooks, sheriff, and T. A. Roberts, deputy sheriff, of Jones County, and prayed for injunction, interpleader, etc. The petition alleged, in substance, as follows: Plaintiff is a tenant of B. H. Ray, trustee, of certain land in Jones County (101 1-4 acres), and the tenancy has four more years to run under a written contract. He has paid 2000 pounds of cotton to Ray each year as rent. It does not appear that the plaintiff has ever questioned Ray's right to collect the rent each year. Barron and Henderson, who purchased 26 acres of the above land at sheriff's sale, based on tax fi. fas. issued against Ray *individually,* and

levied on the 26 acres, have forcibly, without legal right, and without ever having taken possession of the land under the tax sales, required plaintiff to pay cotton and money as rent for the 26 acres. In 1915 and each year since, Barron and Henderson have illegally forced plaintiff to pay them rent for the 26 acres, notwithstanding plaintiff in 1918 renewed his written contract with Ray as trustee for the entire 101 1-4 acres of land for another five-year term. No rent contract between plaintiff and Barron and Henderson appears, but they claim title to the 26 acres and are alleged trespassers. The question of jurisdiction of Bibb superior court over Barron and Henderson is raised by the demurrer, they being residents of Jones County, and substantial relief being prayed against them. The prayer of the petition seeks to enjoin a trespass by the demurrants upon the land in Jones County, where they reside. No connection is alleged between Ray, trustee, and the demurrants, as to the trespass. Nor is it alleged that the plaintiff has not paid all rent due to Ray. The court sustained the demurrer and dismissed the petition.

The superior court of Bibb County was without jurisdiction to grant substantial relief against Barron and Henderson, residents of Jones County, no substantial relief being prayed against Ray; and therefore the court did not err in sustaining the demurrer and in dismissing the petition. Civil Code (1910), § 6540; *Toland* v. *Camp,* 138 *Ga.* 334 (75 S. E. 138).

3. As to whether the plaintiff can require the defendants in this case, under the facts, to interplead, it is not necessary to decide; but see note to Stephenson *v.* Burdette, 10 L. R. A. (N. S.) 748 (56 W. Va. 109, 48 S. E. 846). It is not alleged that Ray, trustee, is a claimant of rent. The rulings in *Ball* v. *Madden,* 139 *Ga.* 727 (78 S. E. 26), and other cases of like character, were made where each of the defendants was a claimant for the fund in the hands of the plaintiff.

*Judgment affirmed. All the Justices concur.*