## FOURTH NATIONAL BANK OF MACON *v.* LATTIMORE.

No. 6742. MAY 17, 1929.

*Hall, Grice & Bloch,* for plaintiff in error.

*Jones, Jones & Johnston,* contra.

HILL, J. (After stating the foregoing facts.)

■ The first headnote is a quotation from the Civil Code (1910), § 5471. It appears from the petition that two named persons appeared in Macon with the note and check, and that they indorsed the name of the payee thereon, either with or without authority, and discounted the note at the bank. The check was cashed at a Macon hotel, and in due course was paid by the bank; so that both the note and the check came into possession of the bank apparently with the indorsement of the payee on them. The check was charged against the plaintiff's account, and the bank demanded payment of the note from him. The Supreme Kingdom insisted that he owed it $1,000 on the note and check, or on the original indebtedness for which the note and check were given, and that it had never received or accepted or obtained the proceeds of either the note or check. It appears that the plaintiff still owes the indebtedness. Both the Supreme Kingdom and the bank have threatened suit. In the circumstances we are of the opinion that the petition makes a case to compel the parties to interplead and have the court determine to whom the plaintiff owes the claim.

■ It is insisted that the payment of the note held by the bank can be made by Lattimore, the plaintiff, without any risk to himself; that under § 4272(1) of Park's Code Supp. 1926 (Michie's Code, § 4294(51), Ga. L. 1924, p. 137), a holder of a negotiable instrument, meaning a holder in due course, may sue thereon in his own name, and that payment to such holder discharges the maker of the instrument. But this contention assumes that the bank is a holder in due course. Under the code section cited, no one can be a holder in due course of an instru-

ment payable to a named payee or order, without the indorsement of the payee. See *Farris* v. *Wells*, 68 *Ga.* 604; *Herring* v. *First National Bank of Vienna*, 13 *Ga. App.* 492 (79 S. E. 359). One of the questions at issue in this case is the genuineness of the negotiation of the instruments involved, the bank insisting upon one position and the Supreme Kingdom another. In *Carter* v. *Haralson*, 146 *Ga.* 282 (2 *a*) (91 S. E. 88), it was held as we have quoted for the second headnote, citing *Bruce* v. *Neal Bank*, 134 *Ga.* 364 (67 S. E. 819).

■ It is also contended by the Fourth National Bank of Macon that the note and check due by Lattimore to the Supreme Kingdom is not identical with the obligation due the bank. Of course, to entitle one to interplead, the general rule is that the fund, thing, or debt, to which the parties make adverse claim, must be the same and derived from the same source. In other words, there must be some sort of privity between all the parties, and the claims should be of the same nature and character, so that proof of liability to one claimant would necessarily relieve the complainant from liability to the other. But if proof of liability to the bank, or to the Supreme Kingdom, as the case may be, is proof of non-liability to the other claimant; if the adverse claims are so related as that one must stand and the other fail upon determination of the same issue, then the requirement as to the identity of claims is met. See *Ball* v. *Madden*, 139 *Ga.* 727 (78 S. E. 26); *Fourth National Bank of Macon* v. *Odom*, 147 *Ga.* 170 (93 S. E. 91). We are of the opinion that the claims in the instant case are identical.

One other contention on the part of counsel for the bank is based on U. S. Rev. Stat. § 5242 (U. S. Comp. Stat. § 9834, 12 U. S. C. A. § 91), relating to transfers by national banks, where it is declared that "no attachment, injunction, or execution shall be issued against such association or its property before final judgment in any suit, action, or proceeding, in any State, county, or municipal court." And it is insisted that while this is not a direct proceeding for attachment, injunction, etc., in effect it is a proceeding for an injunction, and is therefore prohibited by the statute just quoted. But a careful reading of the petition will disclose that the statute will not apply to the instant case, because under the facts alleged no ad interim attachment is sought, no ad

interim execution is sought, and no ad interim injunction is sought. So we conclude that none of the contentions of the plaintiff in error are meritorious; and that under the facts alleged the plaintiff is entitled to file his petition in the nature of a bill of interpleader and have all the parties at interest come into court and interplead, and have the court determine to whom the plaintiff is indebted in the amounts set out in the petition, and that when it has been so adjudicated he be discharged from further liability. *Judgment affirmed. All the Justices concur.*