## PAYNE *v.* HIGHTOWER.

No. 14977.   OCTOBER 7, 1944.

422

*John H. Payne,* pro se.  *George B. Rush,* for defendants.

JENKINS, Presiding Justice.  While a written motion to dismiss an equitable petition will not be granted unless every material fact on which the motion is founded is apparent in the petition (*Bower* v. *Douglass,* 25 *Ga.* 714), yet there is no deviation from this rule in dismissing a petition on written motion specif-

ically raising the question of lack of jurisdiction, where it appears that the only defendant against whom substantial relief is prayed is a resident of a county other than that in which the petition is brought. Code, § 2-4303; *Middlebrooks* v. *Barron,* 150 *Ga.* 701 (2) (105 S. E. 298); *Glenn* v. *Cauthen.* 150 *Ga.* 784 (105 S. E. 365). The joining as defendant of a real-estate agent, as to whom there is no charge of the commission of any unlawful act against the plaintiff irreparable in damages, and against whom only incidental relief is sought, in an equitable action against his non-resident principal, who is the only defendant against whom substantial equitable relief is sought, will not afford jurisdiction in the county of the residence of the agent.

In *Martin* v. *Gaissert,* 134 *Ga.* 34 (2) (67 S. E. 536), this court stated: "Where a real-estate agent residing in the county in which the suit [against an executor] above referred to is brought is joined as a codefendant with the executor, and the plaintiff seeks an injunction to prevent the agent from paying to the executor rents collected from the property, and an accounting from and judgment against both defendants for rents already collected by them (the rents collected by the agent having been paid to the executor over the protest of the plaintiff): *held,* that if the relief prayed against the real-estate agent can be obtained, it is collateral to and dependent upon the granting of the main relief sought against the executor, and the superior court of that county has no jurisdiction of the case under art. 6, sec. 16, par. 3, of the constitution of this State, providing that 'Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed.'" In *Grace* v. *Interstate Bond Co.,* 193 *Ga.* 810 (20 S. E. 2d, 131), this court held: "An equitable petition against two defendants residing in this State, brought in the county where one of them resides, from which together with the prayers it is apparent that the only substantial relief sought is against the non-resident defendant, and that the sole resident defendant individually has no connection with the alleged cause of action, and no act or claim by him is involved except as agent of the other defendant, is subject to dismissal for want of jurisdiction." Accordingly, there was no error in dismissing the petition for want of jurisdiction, since it appeared from the petition that the only defendant against whom substantial relief was sought was a resi-

424

dent of DeKalb County, and not of Fulton County where the suit was brought.

The court did not err in dismissing the petition, or in disallowing the second proffered amendment after such dismissal.

*Judgment affirmed.   All the Justices concur.*