23167. MARTIN v. BENNETT et al.

DUCKWORTH, Chief Justice. 1. The Constitution (*Code Ann.* § 2-4903; Const. of 1945) requires that, "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." To join a nonresident defendant with a resident defendant there must be a prayer for substantial equitable relief against both. *Railroad Commission of Ga. v. Palmer Hardware Co.,* 124 Ga. 633 (53 SE 193); *Bennett v. Blackshear Mfg. Co.,* 183 Ga. 240 (187 SE 865). And the absence of such prayer for substantial equitable relief against both defendants renders the court without jurisdiction of the nonresident. *Seckinger v. Citizens & Southern Nat. Bank,* 213 Ga. 586 (100 SE2d 587); *Harper v. Gunby,* 215 Ga. 466 (111 SE2d 85). This absence of jurisdiction appears on the face of the pleading when there is no prayer for substantial equitable relief that is common to both defendants and renders it subject to general demurrer.

2. Applying the foregoing rules of law to the instant suit against five persons, each having individual deeds to various interests in a tract of land from a common grantor with no charge of conspiracy among them, brought in the county of the residence of only one of them, the general demurrers of the nonresident defendants raising the question of jurisdiction of the parties were properly sustained. The numerous decisions cited by the appellant which hold that interests though separate may authorize suits in equity against several resident defendants have no relevancy here. . . .

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

ARGUED OCTOBER 11, 1965—DECIDED OCTOBER 19, 1965.

O. J. Tolnas, for appellant.

Nicholas Chilivis, Erwin, Birchmore & Epting, Quillian & Quillian, Kelley Quillian, for appellees.