23511.   BARKER v. WILKINSON, Executor, et al.
23512.   TALLEY v. WILKINSON, Executor, et al.
23513.   BERGER v. WILKINSON, Executor, et al.

CANDLER, Presiding Justice.   J. T. Wilkinson, J. M. Price and B. G. Kitchens, as executors of the estate of Frank L. Wilkinson and as legatees under his will, filed a petition in the Superior Court of Bibb County for construction and direction which in substance alleges: Frank L. Wilkinson was a resident of Houston County at the time of his death. His will was probated in solemn form in the Court of Ordinary of Houston County. Petitioners qualified as executors of his estate and are now in process of administering it according to the terms of his will. Mrs. Margaret W. Wilkinson and Mrs. Edna B. Smith, divorced wives of the testator, have alimony judgments against him for fixed amounts which must be paid monthly until the death or remarriage of each. Petitioners do not question the validity of those judgments but allege that they are obligations of the testator's estate which they are required to pay; that all of the legatees and devisees

named in the testator's will, other than petitioners, are non-residents of Georgia; that they have sold all real estate of testator's estate which they were directed by the will to sell for the purpose of paying testator's debts; that they have on hand only $29,729.90 in cash; that they can purchase annuity contracts at a cost to the estate of $117,000 which will guarantee payment of the two alimony judgments in full as they mature but they are uncertain whether they have authority under testator's will and the law of Georgia to purchase such annuity contracts or whether it will be necessary for them to keep the estate open and make the monthly payments on such judgments as they mature by selling property of the estate specifically devised by the will. As defendants, the petition names Mrs. Margaret W. Wilkinson of Bibb County, Mrs. Edna B. Smith of Houston County and all of the legatees and devisees named in the will who are nonresidents of Georgia. Three of the nonresident legatees or devisees filed general demurrers to the petition which were overruled and those judgments are appealed from and enumerated as error. *Held:*

1. A petition which shows a lack of the court's jurisdiction on its face is subject to general demurrer. *Ruis v. Lothridge,* 149 Ga. 474 (100 SE 635), and *Martin v. Bennett,* 221 Ga. 482 (145 SE2d 517). "In cases of difficulty in construing wills, or in distributing estates, in ascertaining the persons entitled, or in determining under what law property should be divided, the representative may ask the direction of the court, but not on imaginary difficulties or from excessive caution." *Code* § 37-404. Under this section, an executor may bring a petition for construction of a will, although such executor may be a legatee thereunder. See *Gaines v. Gaines,* 116 Ga. 476 (42 SE 763); *Fouche v. Harison,* 78 Ga. 359 (7) (3 SE 330). In these cases defendants filed demurrers which questioned the court's jurisdiction to grant the relief sought. They later answered the petition without any averment or statement that they were filed subject to their demurrers. The plaintiffs contend and argue that defendants by the filing of such answers thereby waived the question of the court's jurisdiction previously raised by their demurrers. This position is untenable. *Code* § 81-503 declares: "If a defendant shall appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he shall thereby admit the jurisdiction of the court." Having questioned the court's

jurisdiction to grant the relief sought by their demurrers, the defendants by thereafter filing pleas to the merits without stating that they were filed subject to the demurrer previously interposed did not waive the question of the court's jurisdiction as previously raised by their demurrers. See *Milam v. Terrell,* 214 Ga. 199, 201 (1) (104 SE2d 219) and the cases there cited. *Tuten v. Zetterower,* 218 Ga. 230 (126 SE2d 752), does not require a different ruling. In that case the defendants, as nonresidents of the State, filed a plea in which they questioned the jurisdiction of the court to render a personal judgment against them where service had been perfected by publication and it was held that the subsequent filing by them of a plea to the merits constituted a waiver of jurisdiction as to their persons.

2. Proceedings by the legal representative of an estate, either for construction of the testator's will or for direction respecting proper administration thereof, must name as defendants thereto all persons named in the will as legatees or devisees. *Watts v. Finley,* 187 Ga. 629 (1 SE2d 723). Creditors of the estate are neither necessary nor proper parties to such a proceeding.

3. In this proceeding it is argued that the Superior Court of Bibb County has jurisdiction to grant the relief sought since Mrs. Margaret W. Wilkinson, a judgment creditor of testator's estate resides there and because testator's estate owns stock in a corporation which has its principal office in Bibb County. We do not think this fixes jurisdiction of the proceeding in Bibb County. This proceeding for construction and direction is one in equity (*Brewton v. McLeod,* 216 Ga. 686 (119 SE2d 105)); and being such, it must be brought in a county of this State in which one of the defendants resides against whom substantial relief is sought. *Code Ann.* § 2-4903. The petition seeks no relief against Mrs. Wilkinson, her rights cannot and will not be affected in any way by any direction sought in this proceeding, and we hold that the Superior Court of Bibb County had no jurisdiction to entertain the petition and grant the relief sought thereby. See *Sweatman v. Roberts,* 213 Ga. 112 (97 SE2d 320); *Martin v. Bennett,* 221 Ga. 482, supra. "If all the parties interested in the will are non-residents of the State of Georgia, the executor may file the bill in the county where the administration is pending, as our Code gives equity concurrent jurisdiction with the courts

of ordinary in the administration of estates and permits the executor to apply to equity for direction. As jurisdiction of the administration of the estate is vested in the court of ordinary of the county of the domicile of the deceased, the court of equity for that county can take jurisdiction for the purpose of construing the will or for directing the administration, and service on such non-residents can be made by publication." Redfearn on Wills (3d Ed.) 318, § 136. Accordingly, the petition was subject to general demurrer.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 13, 1966—DECIDED JUNE 23, 1966—
REHEARING DENIED JULY 7, 1966.

*H. Thad Crawley,* for appellants.

*Martin, Snow, Grant & Napier, George C. Grant, Charles M. Cork, T. Baldwin Martin, Sr., Fred S. Black,* for appellees.