25499. MADRAY v. OGDEN et al.

ARGUED NOVEMBER 10, 1969—DECIDED DECEMBER 4, 1969.

*Gibbs & Leaphart, J. Alvin Leaphart,* for appellant.
*Jones, Kemp & Osteen, Charles M. Jones,* for appellees.

GRICE, Justice. Here we have a question of venue. It arose by a nonresident's motion which sought to dismiss the plaintiff's motion to make him a party to a pending action against two resident defendants.

The litigation began when W. C. Madray filed suit in the Superior Court of Wayne County against O. P. Ogden and J. L. Robinson, residents of that county, seeking to enjoin them from foreclosing under power of sale in a security deed and also seeking monetary damages. The complaint alleged that the foreclosure should be enjoined because of failure to advertise as required and also because the secured indebtedness was not in default due to certain transactions between the parties, not necessary to recite here.

The prayers, in addition to other relief, were that the two named defendants and their agents and servants be enjoined until further order from selling said property as set forth in the petition; that the defendants show cause why they should not be temporarily enjoined from selling said property; and that

upon final hearing of the case, the defendants be permanently enjoined from committing the acts therein complained of.

Upon presentation the trial judge entered an order which restrained and enjoined the two defendants and their agents, servants, and employees from "selling said property as set forth in the petition."

Subsequently the plaintiff filed in the same court a motion which, insofar as essential here, made the allegations which follow. Since the foregoing restraining order was granted, the defendants have transferred the security deed to Roscoe Denmark, of Liberty County. Denmark, when the transfer was made, had full knowledge of all the surrounding circumstances of the security deed, including the pendency of this action and the plaintiff's contentions. Denmark later sought to foreclose said instrument by advertisement of forthcoming sale. Denmark's foreclosure is in concert with the defendants and is a collective attempt by them to circumvent the court's jurisdiction and by use of devious practices to work a fraud upon the plaintiff and unlawfully deprive him of his land. The defendants are insolvent, and plaintiff is without an adequate remedy at law.

The motion, in addition to other relief, prayed that until further order Ogden, Robinson and Denmark, their heirs, assigns, agents and servants be enjoined from selling the property described in the security deed; that Denmark show cause why he should not be made a party defendant; that upon a final hearing Ogden, Robinson and Denmark be permanently enjoined from foreclosing the security deed; that rule nisi issue; and that plaintiff have general relief.

Thereupon, the trial judge entered an order which in addition to other matters, temporarily restrained and enjoined Ogden, Robinson and Denmark from selling the property; required them to show cause why they should not be temporarily enjoined from selling the property under the power of said security deed and from doing the other acts complained of by the plaintiff; and required Denmark to show cause why he should not be made a party defendant.

Whereupon, Denmark filed a plea to the jurisdiction and a

motion to dismiss the plaintiff's motion above referred to. His motion to dismiss, insofar as essential here, recited the following: that Ogden and Robinson have no further interest in the security deed, having validly transferred it to him; that Ogden and Robinson had every right to assign it to him since they were its rightful owners and were not enjoined or restrained from doing so; that he is its sole owner and has the exclusive right to exercise its powers; that he is a resident of Liberty County, and not a resident of Wayne County, and is therefore not subject to the jurisdiction of the Superior Court of Wayne County; and that any relief sought against him would have to be instituted in the Superior Court of Liberty County.

Thereafter, the trial judge entered an order which recited in material part that Denmark's motion was verified; that it showed on its face that Denmark is a resident of Liberty County, not Wayne County; that the security deed was validly transferred to Denmark; that he is its owner; that he is not subject to the jurisdiction of Wayne County since he is a resident of Liberty County. The order then dismissed the plaintiff's motion as to Denmark and dissolved the injunction as to him.

The trial judge certified this judgment for immediate review.

The plaintiff's motion, as we view it, sets forth a claim for relief. It was for a jury to determine, on the final trial, whether the transfer of the security deed by the defendants Ogden and Robinson to Denmark and its attempted foreclosure was, as the plaintiff alleges, a collective attempt to circumvent the court's jurisdiction and to work a fraud upon the plaintiff; or whether it was, as Denmark contends, a lawful transfer so as to vest him with the right to foreclose. The trial judge was not authorized to make this determination.

It follows that the trial judge was, therefore, in error in ruling that Denmark was not subject to the jurisdiction of the Superior Court of Wayne County.

Our Constitution (Art. VI, Sec. XIV, Par. III; *Code Ann.* § 2-4903) provides that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed."

In construing this provision this court has held that "an indispensable prerequisite to joining a nonresident in an equity suit is a prayer for substantial equitable relief which is common to the resident and nonresident defendants." *I. Perlis & Sons v. National Surety Corp.*, 218 Ga. 667, 669 (129 SE2d 915). See also *Bloodworth v. Bloodworth*, 225 Ga. 379 (169 SE2d 150).

Here, this requirement was met since injunctive relief against sale under the power in the security deed was prayed against Ogden, Robinson and Denmark.

The conclusion which we reach also complies with the requirement of *Code Ann.* § 81A-120(a), that "All persons may be joined in one action as defendants if there is asserted against them, jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences, . . . and if any question of law or fact common to all of them will arise in the action." It should be pointed out that the original defendants and Denmark are involved in the same transaction, to wit, the purported transfer and sale under the same security deed.

For the foregoing reasons, we conclude that the dismissal of the plaintiff's motion was erroneous.

*Judgment reversed. All the Justices concur.*