S96A0663, S96A0984. MILLER et al. v. BRYANT et al.
(two cases).
(468 SE2d 762)

CARLEY, Justice.

The commission created by Governor Miller to study the privatization of governmental functions recommended to him that the Georgia War Veterans Home (Home) in Milledgeville be privatized "as soon as possible." The Governor accepted this recommendation and directed Commissioner Pete Wheeler of the Department of Veterans Services (DVS) to implement the privatization of the Home. Before the Governor's directive could be fully accomplished, however, this equitable action was filed in the Superior Court of Baldwin County by the Georgia State Employees Union and by several residents of the Home (Plaintiffs). The action was brought against the Governor, the DVS, Commissioner Wheeler, the members of the Veterans Service Board (Board) and the Director of the Home, Mike Mc-Croskey (Defendants). Plaintiffs sought to enjoin Defendants "from implementing . . . the privatization of the Milledgeville Home, and from otherwise proceeding with [the] study of such implementation until authorized by the General Assembly." Venue of Plaintiffs' action was predicated solely upon Director McCroskey's residency in Baldwin County.

Plaintiffs moved for a preliminary injunction. At the hearing on Plaintiffs' motion, Defendants made an oral motion to transfer the action on the ground of improper venue. *Newport Timber Corp. v. Floyd*, 247 Ga. 535, 537, fn. 2 (277 SE2d 646) (1981). The trial court never expressly ruled on the Defendants' motion to transfer, but did grant the Plaintiffs' motion for a preliminary injunction. Defendants bring this appeal from that order and enumerate as error the trial court's failure to grant their motion to transfer.

The mere fact that Plaintiffs prayed for an injunction against Director McCroskey "does not in all events confer the right to file the equitable petition in the county of his residence, or to draw to that county residents of other counties." *Fowler v. Southern Airlines*, 192 Ga. 845, 851 (5) (16 SE2d 897) (1941). "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Art. VI, Sec. II, Par. III of the Ga. Const. of 1983. Since Director McCroskey is the only defendant who resides in Baldwin County, venue would be proper in that county as to the other nonresident defendants only if substantial equitable relief is being sought against him. If substantial equitable relief is being sought only against

the other non-resident defendants, the action is subject to transfer to a county wherein venue would be proper. *Youmans v. Steele*, 217 Ga. 747 (1) (125 SE2d 215) (1962); Uniform Transfer Rules. "Each case must be determined on its particular allegations, and must be decided on the nature, extent, and kind of equitable relief sought and the relationship between the parties to the action." *First Nat. Bank v. Holderness*, 189 Ga. 819, 822 (2) (7 SE2d 682) (1940).

The equitable relief sought by Plaintiffs relates solely to the enjoining of the proposed privatization of the Home. However, Director McCroskey is employed by the Department of Human Resources, not by the DVS or the Board, and his only official role relates to the current pre-privatization operation of the Home. Insofar as the proposed privatization of the Home is concerned, it is undisputed that Director McCroskey has no authority to approve or sign any documents on behalf of the DVS or Board and that his duties do not include "any matters regarding response to the Governor's request . . . except to provide information to, and answer questions posed by, the Board." It is, therefore, clear that Director McCroskey is instrumental only in administering the policy which the Governor proposes to replace with his privatization directive to Commissioner Wheeler. Although Director McCroskey will be affected by the privatization of the Home, he will have no effect on that policy itself.

In determining proper venue, it is immaterial that Director McCroskey may be a proper party to the plaintiffs' action. "It is a question as to proper venue, not proper parties." *Beacham v. Cullens*, 194 Ga. 739, 741 (22 SE2d 508) (1942).

> "The essential fact . . . is, not that a defendant residing in the county has a substantial interest in the litigation, but whether or not substantial [equitable] relief is prayed against such defendant." [Cit.]

*Newport Timber Corp. v. Floyd*, supra at 539 (2). Even assuming that Director McCroskey is a proper party to the action, his residence in Baldwin County cannot be the predicate for venue, since any equitable relief that is sought against him would be collateral or incidental at most. *Summit Ins. Co. of N.Y. v. Mulherin*, 233 Ga. 606, 611 (2) (212 SE2d 788) (1975); *Payne v. Hightower*, 198 Ga. 421 (31 SE2d 816) (1944); *Beacham v. Cullens*, supra. If the object of the plaintiffs' action is to enjoin the proposed privatization of the Home, then that substantial equitable relief can be sought only against the Governor, who issued the privatization directive, and Commissioner Wheeler, the DVS and the Board, who are carrying out that directive. Since none of those parties against whom substantive equitable relief is being sought is a resident of Baldwin County, it follows that venue in

that county is not proper and that the trial court erred in failing to grant the motion to transfer. Accordingly, we reverse the order of the trial court and remand the case for entry of an order of transfer to a proper venue.

*Judgment reversed and case remanded with direction. All the Justices concur; Thompson, J., not participating.*

DECIDED APRIL 15, 1996.

*Michael J. Bowers, Attorney General, Daniel M. Formby, Deputy Attorney General, Ray O. Lerer, Roland F. Matson, John B. Ballard, Jr., Senior Assistant Attorneys General, Cheryl A. Janson, Assistant Attorney General,* for appellants.

*Delong, Caldwell, Logue & Wisebram, A. Keith Logue, David M. Finz, Ida A. Hixon-Brown,* for appellees.