A05A1130. SCOTT v. PRIME SALES & LEASING, INC. et al.
(623 SE2d 167)

BARNES, Judge.

Tom Scott, the Tax Commissioner of DeKalb County, appeals the order of the Superior Court of Echols County denying his motion to transfer this case to DeKalb County and granting an interlocutory injunction pending resolution of the case on the merits.[1] Scott contends the case should have been transferred because he is the defendant against whom the relief is sought and under those circumstances an equity case must be filed in his county of residence. Additionally, he claims that the grant of an interlocutory injunction was not authorized because the plaintiffs did not satisfy the four criteria for such a grant.

---

[1] The grant of an interlocutory injunction is a final appealable judgment under OCGA § 5-6-34 (a) (4). Although Scott initially filed this appeal in the Supreme Court, the appeal was transferred to this court. The transfer order recited:

> There has been previous litigation in this case concerning the payment of ad valorem taxes on certain vehicles. The issue is to which county the taxes are owed, DeKalb or Echols County. Appellees were the subjects of competing claims from the two counties and attempted to settle the issue by filing this action seeking, among other things, declaratory judgment and injunctive relief. The order currently on appeal granted an interlocutory injunction preventing either county from seizing or levying on vehicles or other assets of either plaintiff until further order of the court. Appellants appealed to this Court under its equity jurisdiction. The trial court's order is fairly brief and does not go into the rationale for its decision. Therefore, it is unclear whether it balanced the equities so as to make this a true equity case. At the hearing, the trial court specifically stated that its goal was to maintain the status quo pending review and ruling. That being the case, it does not appear that the court weighed the relative harm to each party or the likelihood of success on the merits but, rather, decided to make no such determination at this time. Accordingly, jurisdiction of this case is not in this Court and the appeal is hereby transferred to the Court of Appeals.

This case concerns the payment of ad valorem taxes on certain rental vehicles owned by Prime Sales & Leasing, Inc., and leased or sold to A. Atlanta AutoSave, Inc., for lease to the general public at locations in the metropolitan Atlanta area. The underlying issue is which county is entitled to the ad valorem taxes, DeKalb County or Echols County. The plaintiffs Prime Sales & Leasing and A. Atlanta AutoSave (collectively "Prime and AutoSave") assert that they are subject to competing claims from the tax commissioners of the two counties on the same vehicles and, thus, have attempted to resolve the issue by filing a petition for declaratory relief, which included a request for a preliminary injunction to preserve the status quo during the litigation. Prime Sales & Leasing is a Georgia corporation domiciled in Echols County and is in the business of buying, selling, and renting vehicles. AutoSave is also a Georgia corporation, but is domiciled in Lowndes County and is in the business of renting cars at retail outlets in Valdosta and in the Atlanta area. Scott and the Tax Commissioner of Echols County, Nancy Elizabeth Carter, are the defendants in the action.

The complaint, captioned "Verified Complaint for Accounting, Declaratory Relief, Affidavit of Illegality and Injunctive Relief," sought a declaration of Prime and AutoSave's obligations to pay the taxes to either Echols County or DeKalb County, and an accounting of the taxes previously paid to both counties, or a refund of the taxes paid to Echols County in 2001, 2002, and 2003. The complaint also sought an injunction to prevent the defendants from the levy and sale of the Prime and AutoSave's property, approval of their Affidavit of Illegality with respect to DeKalb County's execution of levy on AutoSave's property, and a determination on the 2004 taxes of the county to which the taxes are owed and "an amount to secure the defendants for such taxes to be interpled into the Court to release plaintiff's property."

Prime and AutoSave contend that Prime has returned its vehicles for taxation in Echols County, and in 2002 Prime sought to transfer over 100 vehicles to AutoSave and pay the 2002 taxes to Echols County. AutoSave would then pay future taxes to DeKalb County. Although Prime and AutoSave tendered the necessary funds and documents to pay the taxes, the tax commissioners of DeKalb and Echols Counties refused to accept the taxes and tag the vehicles. Then, when AutoSave attempted to transfer the vehicles back to Prime, the State Department of Revenue advised them that DeKalb County had placed a "hold" on the vehicles for nonpayment of outstanding ad valorem taxes.

The complaint further alleged that DeKalb County had not issued a tax bill or assessment asserting any outstanding ad valorem

taxes due. Nevertheless, according to the complaint, Scott announced his intention to hold the vehicles because of his claim to prior years' taxes.

The complaint also sets forth the details of the prior litigation between the parties concerning the transfer of the vehicles' ownership between Prime and AutoSave and the superior court's earlier ruling that AutoSave owed the taxes to DeKalb County and the direction that Echols County transfer to DeKalb County the taxes previously paid on those vehicles.

The complaint further alleged that DeKalb County had failed to account for the money transmitted to it by Echols County on behalf of AutoSave and that without prior notice DeKalb County issued a notice of execution of levy, signed by Scott, allegedly based upon fieri facias for the years 2001, 2003, and 2004. Pursuant to this levy, Scott seized $59,174.29 from AutoSave's bank account.

The complaint also alleges that Echols County has demanded and received taxes on the vehicles involved for the years 2001, 2002, and 2003 and has stated its intent to collect the taxes due for tax year 2004. Prime and AutoSave also asserted that they were "ready, willing, and able to pay their taxes to the appropriate taxing authority," but that they were "suffering irreparable harm and damage as the result of Echols County['s] collection of substantially the same taxes as DeKalb."

Based upon these allegations, Prime and AutoSave sought a declaration from the Echols County Superior Court "that the ad valorem tax on the subject vehicles are not owed twice, to which defendant taxes, if any, for the years 2001, 2002, 2003, and 2004 are due, the amount of those taxes, and the refund to which plaintiffs are entitled from either or both defendants."

The complaint also sought preliminary and permanent injunctions ordering the defendants to stop the duplicate collection of taxes and enjoining Scott's levy upon AutoSave's property, assets, and bank account; an order that DeKalb County's levy was illegal and unenforceable under OCGA § 48-3-4, and permission to pay the taxes due into the court pending resolution of the issues.

Contemporaneously, Prime and AutoSave filed a motion for a temporary restraining order and interlocutory injunction. They asked that both tax commissioners be "temporarily restrained and enjoined from enforcing any seizure, levy, or sale in any manner" on their property until a final order could be issued on their complaint. Prime and AutoSave then filed an amendment to the motion seeking an order that Scott immediately return to AutoSave $59,174.29 that he seized from AutoSave's bank account.

Subsequently, Scott filed a response to the motion and amended motion for the temporary restraining order and interlocutory injunction, and filed his cross-motion for declaratory judgment.[2] Scott also filed an answer to the complaint asserting among 16 other defenses that venue was improper in Echols County and substantially denying all the allegations in the complaint, and filed a motion to transfer the case because of improper venue.

Carter, the Tax Commissioner of Echols County, also answered the complaint generally denying the material allegations and asserting that Prime and AutoSave are not entitled to the relief they sought. Carter further filed a response objecting to Scott's motion to transfer, stating that Echols County was obligated to collect all taxes due the county.

Subsequently, the superior court granted Prime and AutoSave's motion for a preliminary injunction and denied Scott's motion to transfer. Scott has now appealed to this court contending that venue is improper in Echols County and that the grant of the injunction was also improper. We disagree and affirm. We note, however, that this decision addresses only the two issues raised in the appeal and does not address the merits of the underlying action.

1. Scott's objection to venue in Echols County is based upon his contention that the constitutional provision establishing venue in equity matters only permits the action to be "tried in the county where a defendant resides against whom substantial relief is prayed." Ga. Const. (1983), Art. VI, Sec. II, Par. III. This provision is amplified in OCGA § 9-10-30 which states:

> All actions seeking equitable relief shall be filed in the county of the residence of one of the defendants against whom substantial relief is prayed, except in cases of injunctions to stay pending proceedings, when the action may be filed in the county where the proceedings are pending, provided no relief is prayed as to matters not included in such litigation, and except in divorce cases, venue in which is governed by Article VI, Section II, Paragraph I of the Constitution of this state.

Scott argues he is the only party against whom substantial relief is sought because Prime and AutoSave's claims against Carter are merely collateral and incidental to the claims against Scott.

---

[2] Scott's counterclaim was contingent upon his defense that venue and jurisdiction was improper in Echols County.

In addressing this issue we must consider the particular allegations of the complaint and decide based "on the nature, extent, and kind of equitable relief sought and the relationship between the parties to the action." (Citation and punctuation omitted.) *Miller v. Bryant*, 266 Ga. 584, 585 (468 SE2d 762) (1996). Considered in that manner, we find no factual support for Scott's propositions. The record clearly shows that Echols County intends to collect from Prime and AutoSave the taxes it claims it is owed on the vehicles. Consequently, the claims against Carter were not collateral to or incidental to the claims against Scott.

Moreover, the complaint sought relief against both tax commissioners in the nature of declarations that the ad valorem taxes on the vehicles were not owed to both counties; which tax commissioner, if either, is entitled to additional taxes; how much money is due; and how much of a refund, if any, Prime and AutoSave are entitled to receive from either or both commissioners. Prime and AutoSave also sought preliminary and permanent injunctive relief against both commissioners to stop the duplicate collection of taxes and permission to pay the taxes into the court registry pending resolution of these issues.

Even though the complaint also sought additional relief against Scott, it cannot reasonably be said that no substantial relief was sought against Carter because Echols County stood to lose tax revenue it had collected on these vehicles. Thus, venue was proper in Echols County because substantial relief was sought against Carter, a resident defendant. See *Miller v. Bryant*, supra, 266 Ga. at 584. Accordingly, venue is proper under both the Georgia Constitution and OCGA § 9-10-30.

2. We also find no support for Scott's claim that this is not a proper case for a preliminary injunction. The grant of an injunction rests in the sound discretion of the judge, and this power must be prudently and cautiously exercised, and used only in clear and urgent cases. OCGA § 9-5-8. Nevertheless, a trial court's decision will not be reversed absent a manifest abuse of discretion or an absence of any evidence supporting the ruling. *Glen Oak, Inc. v. Henderson*, 258 Ga. 455, 456 (1) (369 SE2d 736) (1988). In a declaratory judgment action, the trial court is specifically authorized to grant injunctive relief to preserve the status quo pending the adjudication on the merits. OCGA § 9-4-3 (b). It is patent that this is what the superior court did. See the Order of the Supreme Court transferring the case to this court.

Scott argues that the grant of the preliminary injunction was not authorized because it is unlikely that Prime and AutoSave will prevail on the merits. *Sweeney v. Landings Assn.*, 277 Ga. 761, 762 (2) (595 SE2d 74) (2004). This argument assumes that Prime and

AutoSave can only prevail if they defeat Scott's claims. It ignores, however, the prayer that the court decide which tax commissioner is entitled to the payments and, among other relief sought, a declaration that the taxes are not owed twice. As we find it most unlikely that relief of that nature will be denied, we do not find that the trial court abused its discretion in granting the preliminary injunction. Moreover, considering the fact that Scott was levying on AutoSave's bank account during the pendency of the action, the trial court did not abuse its discretion in determining that an injunction was necessary.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED NOVEMBER 8, 2005 ▬

*William J. Linkous III, Sam L. Brannen, Jr.,* for appellant.
*Langdale & Vallotton, William P. Langdale, Jr., Robert A. Plumb, Jr., McCrimmon & McCrimmon, Edward W. McCrimmon, Loyce W. Turner, Jr., William A. Turner, Jr.,* for appellees.