S10A0881. SKALIY v. METTS et al.

(700 SE2d 357)

BENHAM, Justice.

The sole issue for resolution in this case is whether the Superior Court of Columbia County had personal jurisdiction over appellant Susan Skaliy that permitted the court to impose equitable relief upon her. We conclude that it did not and vacate the equitable relief imposed on appellant and remand the case to the trial court with direction that it transfer the case to a court with proper jurisdiction.

In April 2009, appellee Glenda Metts filed suit in Columbia County against appellant Susan Skaliy, a resident of Fulton County, and appellee Great-West Life & Annuity Insurance Company, a foreign corporation with a registered agent in Fulton County. Great-West had issued a policy of life insurance some years earlier on the life of James Metts, the husband of Glenda Metts and the father of

Susan Skaliy, and had paid the insurance proceeds to Mrs. Skaliy, the named beneficiary of the policy, in September 2007, three months after the death of the insured. Mrs. Metts sought monetary damages from Great-West for its alleged negligence and its alleged breach of a fiduciary duty owed to her and to her late husband, and sought an accounting from Mrs. Skaliy and imposition of a constructive trust and injunctive relief prohibiting Mrs. Skaliy from spending or encumbering the proceeds of the life insurance policy. In both her answer and in a motion to dismiss, Mrs. Skaliy asserted the trial court lacked personal jurisdiction over her and that venue was not proper in Columbia County, citing the Georgia constitutional provision that "[e]quity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Ga. Const. 1983, Art. VI, Sec. II, Par. III. Mrs. Metts then amended her complaint to seek from Great-West equitable relief, i.e., reformation of the insurance contract between Great-West and her late husband in which Mrs. Skaliy was designated as the policy's beneficiary. Asserting that jurisdiction and venue in Columbia County were proper with regard to Great-West, Mrs. Metts asserted that the existence of intertwined equitable claims against both defendants made venue in Columbia County proper with regard to Mrs. Skaliy. The trial court entered the injunctive relief without addressing the issue of its jurisdiction over Mrs. Skaliy and whether venue was proper in Columbia County. Mrs. Skaliy appeals, contending the trial court lacked personal jurisdiction to enter an injunction against her.

1. Mrs. Metts and Great-West contend the appeal is premature because the trial court did not issue a ruling on Mrs. Skaliy's motion to dismiss. We disagree. A direct appeal to this Court may be taken from a superior court's order directing that an accounting be made and granting injunctive relief. OCGA § 5-6-34 (a) (3), (4). The appeal is properly before us because the trial court exercised its equitable power and ordered Mrs. Skaliy to make an accounting on the insurance proceeds and to segregate and preserve them. The sole enumeration of error is whether the trial court's order is void due to the court's purported lack of personal jurisdiction over Mrs. Skaliy. See *Miller v. Bryant*, 266 Ga. 584 (468 SE2d 762) (1996) (a court without venue lacks authority to issue an injunction).

2. Since at least 1877, the Georgia Constitution has provided that "[e]quity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Ga. Const. 1983, Art. VI, Sec. II, Par. III; Ga. Const. 1976, Art. VI, Sec. XIV, Par. III (1933 Code Ann. § 2-4303); Ga. Const. 1945, Art. VI, Sec. XIV, Par. III (1933 Code Ann. § 2-4903); Ga. Const. 1877, Art. VI, Sec. XVI, Par. III (1910 Civil Code, § 6540). However, venue as to a nonresident defendant in a suit in equity may be proper if the suit seeks common

substantial equitable relief against a resident defendant and the nonresident defendant. *Ga. State Licensing Bd. for Residential and General Contractors v. Allen*, 286 Ga. 811 (1) (692 SE2d 343) (2010); *I. Perlis & Sons v. National Surety Corp.*, 218 Ga. 667, 669 (129 SE2d 915) (1963) ("[a]n indispensable prerequisite to joining a nonresident in an equity suit is a prayer for substantial equitable relief which is common to the resident and nonresident defendants"). Mrs. Metts contends that she sought substantial equitable relief in the form of contract reformation against Great-West and that Great-West is a resident of Columbia County under OCGA § 33-4-1 (4)[1] since Dr. Metts, the insured, maintained a dental practice in Columbia County at the address to which Great-West sent the insurance policy. Mrs. Metts further points out that her choice of venue is entitled to some deference under OCGA § 9-10-31.1 (a) (7).

It is undisputed that Mrs. Skaliy is not a resident of Columbia County. Even if we assume without deciding that co-defendant Great-West is a resident of Columbia County and that contract reformation is "substantial equitable relief,"[2] nonresident Mrs. Skaliy could not be joined as a defendant in the equity suit in Columbia County because the suit filed by Mrs. Metts did not seek equitable relief common to both the nonresident and resident defendants. Where, as here, a plaintiff seeks injunctive relief, an accounting, and imposition of a constructive trust against a nonresi-

---

[1] OCGA § 33-4-1 provides:

Except for actions [not applicable here], whenever any person shall have a claim or demand on any insurer, such person may bring an action in any of the following places:

(1) In the county where the principal office of the company is located;

(2) In any county where the company shall have an agent or place of doing business;

(3) In any county where such agent or place of doing business was located at the time the cause of action accrued or the contract was made out of which such cause of action arose; or

(4) In any county where the property covered by an insurance contract upon which an action is brought is located or where the person entitled to the proceeds of an insurance contract upon which action is brought maintains his legal residence. For the purpose of this paragraph, personal property shall be deemed to be located in the county of the legal residence of the owner of such personal property, and, for the purpose of bringing an action under this paragraph, a company which has written a contract of insurance upon persons or property located in a particular county . . . shall be deemed to be transacting business in such county and shall be deemed to be a legal resident of such county; . . .

[2] Where it is determined that no relief common to all of the defendants is sought, it is unnecessary to determine whether the relief sought against the defendants is substantial equitable relief. *Bloodworth v. Bloodworth*, 225 Ga. 379 (1) (b) (169 SE2d 150) (1969). See also *Miller v. Bryant*, 266 Ga. 584, where this Court addressed whether substantial equitable relief had been sought against the resident defendant and, upon finding that the equitable relief sought was not substantial, did not have to proceed further to determine that the trial court did not have jurisdiction over the nonresident defendant.

dent defendant and the equitable relief of reformation against the resident defendant, the trial court does not have jurisdiction to grant the relief sought against the nonresident defendant because "some of the prayers for substantial equitable relief must be common to both the nonresident and the resident defendant in order to obtain jurisdiction of the nonresident defendant." *I. Perlis & Sons v. Nat. Surety Corp.*, supra, 218 Ga. at 668. "[R]egardless of substantial relief sought against the resident defendant and other substantial equitable relief sought against the nonresident, the nonresident can not be joined." Id. " 'A separate and distinct equitable cause of action against the resident defendant will not give the superior court of the county of his residence jurisdiction of a nonresident defendant against whom the plaintiff has another, independent, separate and distinct equitable cause of action.' [Cit.]" *Jones v. Hudgins*, 218 Ga. 43 (2) (126 SE2d 414) (1962). See also *Ga. Power Co. v. Harrison*, 253 Ga. 212 (4) (318 SE2d 306) (1984) (where equity suit seeks injunctive relief to restrain a continuing trespass purportedly committed by both a resident defendant and a nonresident defendant, the court has jurisdiction to grant such relief against both defendants); *Madray v. Ogden*, 225 Ga. 806, 809 (171 SE2d 560) (1969) (where the same equitable relief — injunctive relief against a sale under the power in the security deed — was sought against the resident and nonresident defendants, substantial equitable relief common to the resident and nonresident defendants was prayed and the nonresident could be joined in the suit); *Martin v. Bennett*, 221 Ga. 482 (145 SE2d 517) (1965) (the absence of jurisdiction over a nonresident defendant appears on the face of the pleading when there is no prayer for substantial equitable relief that is common to both the resident and nonresident defendants). Since the amended complaint did not seek equitable relief common to both the resident and nonresident defendants, the trial court lacked personal jurisdiction of Mrs. Skaliy due to improper venue.

3. Mrs. Metts's reliance on OCGA § 9-10-31.1 (a) (7) is misplaced. That sub-paragraph contains one of seven factors a trial court must consider when deciding whether to exercise its discretion under the doctrine of forum non conveniens to decline jurisdiction and transfer an action filed in one county in Georgia to another county in Georgia. In order for the trial court to exercise its discretion under OCGA § 9-10-31.1 (a) to determine whether, "in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard . . . in a different county of proper venue within this state," the trial court must have jurisdiction and venue over the action. See *Murillo v. Murillo*, 300 Ga. App. 61, 63-64 (684 SE2d 126) (2009); Davis & Shulman, Georgia Practice & Procedure, § 5:7 (2nd ed.). See also

*EHCA Cartersville v. Turner*, 280 Ga. 333 (2) (626 SE2d 482) (2006) ("OCGA § 9-10-31.1 (a) provides that a trial court may decline to exercise jurisdiction of a case and may transfer it. . . ."); *Hawthorn Suites Golf Resorts v. Feneck*, 282 Ga. 554 (2) (651 SE2d 664) (2007) (transfer of venue under the statute occurs only after the trial court exercises initial jurisdiction over the case). Since the trial court does not have personal jurisdiction over Mrs. Skaliy due to improper venue, it cannot act pursuant to the doctrine of forum non conveniens and employ the factors listed in OCGA § 9-10-31.1 (a) in order to decide whether the case "would be more properly heard . . . in a different county of proper venue within this state. . . ."

4. Mrs. Skaliy is correct in her assertion that the Superior Court of Columbia County was without jurisdiction to grant equitable relief against her. Since the action taken by a trial court without personal jurisdiction is void, we vacate the order imposing equitable relief upon Mrs. Skaliy. We decline to order the action dismissed because dismissal of the claim against Mrs. Skaliy is not an appropriate remedy. Instead, the trial court should transfer the claim against Mrs. Skaliy to the county of her residence. *Foskey v. Carter*, 186 Ga. App. 69, 70 (366 SE2d 401) (1988). Uniform Transfer Rules, 251 Ga. 893-895; Rule 19.1, Uniform Superior Court Rules.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Tucker, Everitt, Long, Brewton & Lanier, Troy A. Lanier, Nations, Toman & McKnight, Gary J. Toman,* for appellant.
*Capers, Dunbar, Sanders, Bruckner & Bellotti, Ziva P. Bruckner, Fulcher Hagler, Barry A. Fleming, Frank A. Nelson,* for appellees.